CALEDONIA COMMUNITY HOSPITAL AND
ANOTHER v. LIEBENBERG, SMILEY,
GLOTTER & ASSOCIATES, INC., AND OTHERS.
NELSON CONSTRUCTION COMPANY OF
CALEDONIA, THIRD-PARTY DEFENDANT.

248 N. W. 2d 279.

April 23, 1976—No. 45360.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt, Harry Sieben, Jr.,* and *Jeffrey L. Flynn,* for appellants.

*Carroll, Cronan, Roth & Austin, Frank X. Cronan, John A. Doyle,* and *Leonard, Street & Deinard,* for respondent Liebenberg, Smiley, Glotter & Associates, Inc.

*Cousineau, McGuire, Shaughnessy & Anderson, Robert J. McGuire,* and *Harold J. W. Sweet,* for respondents Mayeron Engineering Company and Ben Mayeron.

*Grannis & Grannis, Vance B. Grannis, Roger N. Knutson,* and *Jo M. Fairbairn,* for respondents Soil Exploration Company, Twin City Testing and Engineering Laboratory, Inc., and Robert F. Wittman.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Clyde F. Anderson,* and *J. Richard Bland,* for respondent Nelson Construction Company.

*Dunlap, Keith, Collins, Towey & Finseth* and *Richard W. Towey,* for St. Paul Companies, amicus curiae, seeking reversal.

*Doherty, Rumble & Butler, Boyd H. Ratchye,* and *C. Robert Beattie,* for amici curiae, seeking affirmance.

PER CURIAM.

This is an appeal from summary judgment for defendants, ordered on the theory that plaintiffs' claim was filed more than 10 years after the date of final completion of the Caledonia Com-

munity Hospital and thus was barred by Minn. St. 541.051.[1] Because we hold that § 541.051 does not apply to claims by an owner against architects and contractors who contracted with the owner for the design and construction of improvements to the owner's real property, we reverse. Kittson County v. Wells, Denbrook & Associates, Inc. 308 Minn. 237, 241 N. W. 2d 799 (1976).

In 1960 the city of Caledonia and defendants began the planning and design of a new hospital wing for Caledonia Community Hospital. Construction began in 1961, and in December 1962 the new wing of the hospital was occupied by staff and opened to patients. On March 28, 1963, plaintiffs paid the general contractor (defendant Nelson Construction Company of Caledonia) the final bill for the construction of the hospital wing. Although various cleanup matters and change orders remained to be attended to after this time, it is clear from the record, and the trial court properly found, that the hospital addition was completed in March 1963.

On April 15, 1973, at approximately 10 a. m., the foundation wall of the east wing of the Caledonia Hospital suddenly collapsed, causing the entire unsupported wing to collapse. This action was instituted by complaint on June 4, 1973, against the

---

[1] Minn. St. 541.051, subd. 1, provides: "Except where fraud is involved, no action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or construction of such improvement to real property more than two years after discovery thereof, *nor, in any event more than ten years after the completion of such construction.* This limitation shall not be applied in favor of any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe conditions of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action." (Italics supplied.)

architect, S. C. Smiley & Associates; the engineer, Mayeron Engineering Company; the general contractor, Nelson; Soil Exploration Company; Twin City Testing and Engineering Laboratory, Inc.; and various individuals employed by the above defendants. Plaintiffs' complaint alleged the negligent design and defective construction of the Caledonia Community Hospital and sounded in breach of contract, breach of warranty, tort, and strict liability. Defendants all moved for summary judgment on the ground that plaintiffs' claim was barred by § 541.051 since the claim was filed on June 4, 1973, which is more than 10 years after the completion of the hospital.

In Kittson County v. Wells, Denbrook & Associates, Inc. *supra,* we held that § 541.051 does not apply to contract and tort claims by the owner against those persons who contracted with the owner for the design and construction of an improvement to real estate. That case is controlling here and requires a reversal. Because plaintiffs' claims are not barred by the statute, we do not decide and intimate no opinion on the constitutionality of § 541.051.

Reversed and remanded for further proceedings consistent with this opinion.

On October 29, 1976, the following opinion was filed.

Considered and decided by the court en banc.

PER CURIAM.

In their petitions for rehearing, all respondents other than Nelson Construction Company of Caledonia seek a rehearing principally upon the ground that they are not in privity with the plaintiff and thus fall outside the holding of Kittson County v. Wells, Denbrook & Associates, Inc. 308 Minn. 237, 241 N. W. 2d 799 (1976). That issue was not raised in the Kittson County case nor, understandably, in the trial court nor upon appeal in this case. Since it is an issue which necessarily requires a factual determination and an application of the proper rule of law, it

is inappropriate for this court to rule on the issue on this appeal from summary judgment.

Accordingly, on remand the trial court must examine the facts and circumstances of the parties' relationships to determine whether privity is present. Buchman Plumbing Co. Inc. v. Regents of University of Minnesota, 298 Minn. 329, 215 N. W. 2d 479 (1974); Johnson & Peterson, Inc. v. Toohey, 285 Minn. 181, 172 N. W. 2d 326 (1969); St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352 (1927). If in applying traditional concepts no privity in fact is found, we invite the court to determine whether traditional concepts of privity when applied to construction contracts should be modified as analyzed and advanced in Comment, 40 Fordham L. Rev. 315, and applied in Sears, Roebuck & Co. v. Jardel Co. 421 F. 2d 1048, 1054 (3 Cir. 1970). In all other respects, respondents' petitions for rehearing, including that of respondent Nelson, are denied.

MR. JUSTICE OTIS and MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.