CAPITOL SUPPLY CO., Appellant,

v.

CITY OF ST. PAUL, Respondent.

No. 81–202.

Supreme Court of Minnesota.

March 5, 1982.

Rooney & Neilson, St. Paul, for appellant.

Edward P. Starr, City Atty., and Beryl A. Nord, Asst. City Atty., St. Paul, for respondent.

PER CURIAM.

Capitol Supply Co. (Capitol), plaintiff, appeals from a judgment on the pleadings in favor of the City of St. Paul (City), defendant, on the ground that Capitol's cause of action was barred by the statute of limitations. We reverse.

It is a well-settled rule of law that in reviewing the trial court's order granting the defendant judgment on the pleadings, this court is limited to the facts asserted in the pleadings interpreted in the light most favorable to the plaintiff. *Stephenson v. Plastics Corp. of America*, 276 Minn. 400, 150 N.W.2d 668 (1967).

The pertinent facts viewed in the light most favorable to Capitol can be briefly stated as follows: Capitol owns and operates land which is bounded on one side by a city road that was altered in 1970 when the City contemporaneously altered the road

and redesigned the sewer system. Capitol alleged in its complaint and amended complaint that the City negligently altered its road and negligently redesigned and constructed its storm sewer system, which resulted in an accumulation of waters on Capitol's land during the last week of May 1978, causing flooding, erosion, and other property damage totaling at least $100,000. The City affirmatively pleaded the statute of limitations as a defense in its answer and brought a related motion for judgment on the pleadings which the trial court subsequently granted.

■ With respect to the first possible cause of action relating to the alleged negligent change in the grade of an established road, Minn.Stat. § 541.07(6) (1980) provides a 2-year limitation for the commencement of an action for damages caused by the City's road changes. The statutory time period begins to run from the date that the plaintiff first suffers damage and not from the date when the last known negligent act occurs. *See Bonhiver v. Graff*, 311 Minn. 111, 248 N.W.2d 291 (1976); *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 158 N.W.2d 580 (1968).

■ With regard to the second possible cause of action, negligent design and construction of the storm sewer system, Minn. Stat. § 541.051, subd. 1 (1978), contains the applicable statutory time period and an action to recover damages for injury to the plaintiff's property must be brought within 2 years after the discovery of such damages, but in any event, not later than 10 years after the completion of construction of the storm sewer system. *See Kittson County v. Wells, Denbrook & Associates, Inc.*, 308 Minn. 237, 241 N.W.2d 799 (1976); *Continental Grain Co. v. Fegles Construction Co. Inc.*, 480 F.2d 793 (8th Cir. 1973).

■ In our view, the trial court erred in granting the City's motion for judgment on the pleadings. An examination of the plaintiff's amended complaint, which relates back to the original pleadings served in June 1979, indicates that an issue was framed with regard to the date the damage first occurred or was first discovered. The complaint simply alleges that flood damage occurred in May 1978 without stating with specificity that it was the first flood damage it sustained or discovered. The answer, in affirmatively asserting the statute of limitations, places at issue the question of whether the action was commenced within the statutory time period. The defendant's motion, which essentially requires the court to look beyond the pleadings, was therefore erroneously granted.

Reversed.

KELLEY, J., took no part in the consideration or decision of this case.