**Andrew ELLIS, Petitioner, Appellant,**

v.

**MINNEAPOLIS COMMISSION ON CIVIL RIGHTS, Respondent,**

**and**

**Raymond Smith, Respondent.**

No. 81–944.

Supreme Court of Minnesota.

May 28, 1982.

Holm & Market, Minneapolis, for appellant.

thirds of its length.    Minn.Stat.  § 244.04    (1980).

Robert J. Alfton, City Atty., and Allen B. Hyatt, Asst. City Atty., Minneapolis, for Minneapolis Commission on Civil Rights.

Randall Smith, Legal Aid Society, Minneapolis, for Smith.

OTIS, Justice.

This is an appeal from the denial of landlord Andrew Ellis' alternative motions for rehearing, remand or amendment of an order of the district court affirming the determination of the Minneapolis Commission on Civil Rights that Ellis had racially discriminated against his Native American tenant, Raymond Smith. The issues raised are whether the commission is collaterally estopped from litigating the issue of discrimination because of a prior jury verdict in an unlawful detainer proceeding, whether the decision of the commission is supported by substantial evidence, and whether respondent Smith is entitled to the award of additional attorneys' fees. We conclude that the decision in the unlawful detainer proceeding collaterally estops the commission from subsequently litigating the same issue. It is therefore unnecessary to reach the other issues raised. We reverse and remand with instructions to vacate the decision of the commission based on the principles contained herein.

Raymond Smith and his wife, Edith Bush Smith, Native Americans, were tenants in the lower half of a duplex located in southeast Minneapolis. On May 8, 1976, they were served with a conditional notice of termination by their landlord, Andrew Ellis. When the Smiths failed either to vacate the duplex or to execute a rental agreement by July 1, 1976, Ellis filed an unlawful detainer complaint in Hennepin County Municipal Court. Following a 4-day jury trial, the jury returned a verdict on July 26, 1976, restoring possession of the property to Ellis. The defense of racial discrimination in violation of Minneapolis ordinances was specifically raised through a jury instruction.

In addition, Raymond Smith filed a charge of racial discrimination with the Minneapolis Commission of Civil Rights, alleging that Ellis had violated Minneapolis Ordinance §§ 945.040(e)(3), which prohibits discrimination in the rental of real property and furnishing of facilities or services therewith, and 945.040(k)(2),[1] which prohibits the use of any form of application or device whatsoever to facilitate discrimination. A public hearing was held on May 16, 1978, before a three-member panel of the Minneapolis Commission on Civil Rights; the commission found that Andrew Ellis had discriminated against his Native American tenant, Raymond Smith. Following a lengthy procedural history, which included an appeal to this court,[2] the commission's findings were affirmed by the district court on February 17, 1981.

Arguing that the commission was collaterally estopped from relitigating the issue of discriminatory eviction because of the adverse jury verdict in the unlawful detainer action, Ellis moved the court alternatively for a rehearing of the matter, for amendment of the court order to reverse the Findings and Order of the commission, or for remand of the matter to the commission for further hearing. Smith also moved for additional attorneys' fees. All motions were denied. Ellis appeals from the denial of his motions; respondent Smith also requests review, under Minn.R.Civ.App.P. 106, of the denial of his motion.

The doctrine of res judicata has two separate aspects—(1) merger or bar; and (2) collateral estoppel.[3] *Hauser v. Mea-*

---

1. Minneapolis Ordinance § 940.040(e)(3) has been renumbered 139.40(e)(3) and Minneapolis Ordinance § 940.040(k)(2) has been renumbered 139.40(k)(2).

2. In *Ellis v. Minneapolis Commission on Civil Rights,* 295 N.W.2d 523 (Minn.1980), the matter was remanded to the district court for failure to honor an affidavit of prejudice. The present issues on appeal were expressly not decided in that case. *Id.* at 524.

3. Collateral estoppel has also been referred to as "estoppel by verdict," *Howe v. Nelson,* 271 Minn. 296, 135 N.W.2d 687 (1965) and, as "issue preclusion," *Hauser v. Mealey,* 263 N.W.2d 803 (Minn.1978).

ley, 263 N.W.2d 803, 806 (Minn.1978). Collateral estoppel precludes the relitigation of issues which are both identical to those issues already litigated by the parties in a prior action and necessary and essential to the resulting judgment. *See* 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.443[1] (2d ed. 1948). The application of collateral estoppel is appropriate where:

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Victory Highway Village, Inc. v. Weaver*, 480 F.Supp. 71, 74 (D.Minn.1979). *See Staples v. Zinn*, 302 Minn. 149, 152, 223 N.W.2d 415, 417 (1974); *Schwalich v. Guenther*, 282 Minn. 504, 506, 166 N.W.2d 74, 77 (1969).

The requirements for the application of collateral estoppel are satisfied by the present fact situation. The issue in the unlawful detainer action—as raised by the defense of discriminatory eviction and reflected in the jury instruction on the same [4] —is identical with the issue raised by the alleged violations of the civil rights ordinance. Moreover, the parties are clearly the same.

■ Respondent Smith attacks the application of collateral estoppel by noting that because no formal judgment was entered in the unlawful detainer action, there is no final judgment. While, as a general rule, a verdict does not operate as an estoppel until it becomes a judgment, *see, e.g., Brooks Realty, Inc. v. Aetna Insurance Co.*, 268 Minn. 122, 128 N.W.2d 151 (1964); *Smith v. Smith*, 235 Minn. 412, 51 N.W.2d 276 (1952),

exceptions to that general rule have been recognized "where the parties have acquiesced in the verdict" and "where, through the lapse of time or other cause, a motion for a new trial or arrest of judgment cannot be granted." *Miller v. Simons*, 239 Minn. 523, 527, 59 N.W.2d 837, 839 (1953).

■ By vacating the duplex before a formal judgment was entered, the Smiths clearly acquiesced in the verdict. Moreover, the time in which to challenge and modify that verdict had passed by the date of the commission's hearing.

■ The major thrust of respondent Smith's argument focuses on the contention that the limited issues for determination in an unlawful detainer action, along with the summary nature of the proceedings, prevent the unlawful detainer action from being a "full and fair" opportunity to adjudicate the issue of discriminatory eviction based on race.[5]

This particular unlawful detainer proceeding was not summary in nature, however. Both parties were represented by counsel. Respondent Smith had significantly more time to prepare a response than is typical in an unlawful detainer action. The matter was tried to a jury over a 4-day period. Respondent Smith was allowed to introduce extensive evidence regarding his defense of discriminatory eviction. Although his right to discovery was admittedly limited, *See* MC Rule 81.001, respondent has failed to indicate how this limitation encumbered his ability to present fully his position. In this unique fact situation, respondent Smith has had a full and fair opportunity to litigate the discriminatory eviction issue in the unlawful detainer action.[6]

---

4. The following jury instruction was given at respondent Smith's request: "It would be prohibited discrimination under the Minnesota Human Rights Act and the Civil Rights Ordinance of the City of Minneapolis if the landlord's attempt to terminate the tenancy by serving upon the tenant a notice to quit if the landlord's action was motivated by the fact that the tenant was a native American. Then you should find for the Defendants."

5. The position of respondent Smith appears to be inconsistent. At the unlawful detainer action, he urged and won adoption of a specific jury instruction regarding discriminatory eviction which thus forced the jury to decide the very issue he now claims the court was incapable of deciding.

6. It is important to point out that the court was not called upon to consider the propriety of raising this defense in an unlawful detainer proceeding.

Accordingly, the decision of the district court is reversed and remanded with directions to vacate the findings of the commission based upon the principles contained herein.