Jim W. MILLER, Appellant,

v.

NORTHWESTERN NATIONAL INSUR-ANCE COMPANY, Respondent,

and

Jim W. Miller Construction, Inc., Appellant.

No. CX–84–256.

Court of Appeals of Minnesota.

Aug. 28, 1984.

Kevin S. Carpenter, Quinlivan & Williams, St. Cloud, for appellant.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal by a defendant, Jim W. Miller Construction, Inc., d/b/a Miller Real Estate (Miller Construction), from a grant of summary judgment declaring that a second defendant, Northwestern National Insurance Company (Northwestern), had no duty to defend or indemnify Miller Construction, Inc. We remand for further findings.

## FACTS

This case has its roots in an earlier lawsuit brought by Happy Chef Systems, Inc. (Happy Chef) against Jim Miller, individually (Miller). Miller had retained Miller Real Estate to solicit parties to lease property he owned and wished to develop. Happy Chef won the suit on its claim that Miller made fraudulent misrepresentations to induce Happy Chef to lease the land. Miller Real

Estate was not a named party in that litigation, nor in the judgment resulting therefrom. Miller is a majority shareholder in Miller Construction.

Miller brought this suit against Miller Construction and Northwestern, seeking indemnity for losses incurred as a result of the misrepresentations found in the Happy Chef suit. In its Answer, Northwestern alleged its insurance policy issued to Miller Real Estate excluded coverage for intentional fraud, and that based on the Happy Chef judgment Northwestern had no contractual duty to defend or indemnify Miller Real Estate. Northwestern also alleges that it relied on representations in the insurance policy application that Miller was not active as a realtor, and that, to the extent that the contract application was erroneous or fraudulent, Northwestern was not obligated to provide coverage. No specific cross-claim for declaratory judgment was served or filed by Northwestern.

Northwestern served a motion for summary judgment against Miller Construction, asserting that it was not obligated to defend or indemnify either Miller or Miller Construction. Before the summary judgment motion could be heard, Miller attempted to voluntarily dismiss its entire cause of action against Northwestern. The trial court granted Northwestern's motion for summary judgment against Miller Construction, but stated that motion was moot as to Miller due to Miller's voluntary dismissal of its action against Northwestern. Miller Construction appeals. No issues as between Miller and Miller Construction were before the trial court. None are before this court on appeal.

## ISSUES

1. Whether plaintiff's dismissal of its action against one of two defendants is sufficient to moot that defendant's motion for summary judgment against plaintiff.

2. Whether Northwestern's summary judgment motion was properly before the trial court.

3. Whether Northwestern may validly invoke the doctrine of collateral estoppel

against Miller Construction, thereby enabling the trial court to properly grant summary judgment to Northwestern.

## ANALYSIS

### 1. *Voluntary Dismissal*

■ The trial court treated Miller's voluntary dismissal of its action against Northwestern as proper. However, Rule 41.01 of the Minnesota Rules of Civil Procedure provides for voluntary dismissal of "actions" by plaintiffs, not separate claims. Action denotes the entire controversy. *See Harvey Aluminum, Inc. v. American Cyaniamid Co.*, 203 F.2d 105 (2nd Cir. 1953), *cert. den.* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953); *Morgan Co. v. Minn. Min. and Mfg. Co.*, 310 Minn. 305, 246 N.W.2d 443 (1976). There is no court order dismissing Miller's action against Northwestern. Therefore, Miller's claims against Northwestern are still at issue. Dismissal of those claims in the future must be pursuant to court order unless plaintiff dismisses his entire action against both defendants here.

### 2. *Lack of Formal Cross Claim*

It is undisputed that Northwestern did not file a cross claim against Miller Construction. However, Northwestern's Answer clearly stated that it will not provide coverage for Miller Construction on the claim brought by Happy Chef. Also, Northwestern's third affirmative defense states it will not provide coverage to Miller Construction for "any claims asserted herein arising out of any liability established in the Stearns County district court cause of action."

■ When adverse parties receive adequate notice of the nature of proceedings in substantial compliance with the rules, strict construction of the rules is not warranted. *LeRoy v. Marquette Nat. Bank of Minneapolis*, 306 N.W.2d 815 (Minn.1981). Miller Construction was put on notice of the position taken by Northwestern in this proceeding. We conclude that Northwestern's

claim for declaratory judgment was properly before the trial court for consideration.

### 3. Collateral Estoppel

█ In the Happy Chef case, the trial court found:

> ... an agent of (Miller), authorized to act, and whose conduct in the premises is binding on (Miller), intended to lead (Happy Chef) to believe, and did lead (Happy Chef) to believe, that some of the auto dealers within St. Cloud then intended to relocate and set up at (Miller's) development site.

Northwestern's policy with Miller Construction excludes coverage for acts of intentional misrepresentation. Thus, Northwestern seeks to invoke the doctrine of collateral estoppel offensively against Miller Construction based on the finding that its employee made intentional misrepresentations. Collateral estoppel precludes parties from relitigating issues that were determined in a prior action. *Shimp v. Sederstrom*, 305 Minn. 267, 233 N.W.2d 292 (1975).[1]

█ In order to determine whether collateral estoppel is appropriate, in a specific factual context, four questions must be answered:

A. Are the issues identical in the two actions?

B. Was there a final judgment on the merits in the prior action?

C. Was the party against whom collateral estoppel is now asserted a party in the first action or in privity with a party?

D. Did the estopped party get a full and fair opportunity to be heard on the adjudicated issue in the prior action? *Ellis v. Minneapolis Com'n on Civil Rights*, 319 N.W.2d 702 (Minn.1982).

Application of the *Ellis* requirements to this case yields the following conclusions:

A. Miller alleges that any actionable misrepresentations made to Happy Chef were made solely by Miller Real Estate, without Miller's knowledge. The original findings of fact in the Happy Chef case stated that both Miller and his agent, Miller Real Estate, made intentional misrepresentations of fact. The trial court in Happy Chef subsequently amended its findings, changing a crucial sentence to state that "an agent of (Miller), authorized to act, and whose conduct in the premises is binding on (Miller)," intentionally misrepresented a material fact. Not all references to Miller's personal involvement in the misrepresentations were removed from the Happy Chef court's findings. However, the Happy Chef court clearly found that Miller Real Estate committed intentional fraud. In this case, Miller makes that very allegation. The issues in the two cases are identical.

B. The Happy Chef suit was tried to the court. Initial "Findings of Fact, Conclusions of Law, and Order for Judgment" were issued. Subsequently, that court issued an "Order on Motions by Defendant for Amended Findings of Fact, Conclusions of Law, and Order for Judgment, or For a New Trial." An appeal was taken to the Minnesota Supreme Court and the decision was affirmed. We conclude there was a final judgment on the merits in the Happy Chef case.

C. It is obvious that the parties in the Happy Chef case are not the same parties as in this case. Miller Construction was not a party in the Happy Chef case. Notwithstanding that fact, is Miller Construction in privity with Miller sufficient to bind Miller Construction to a ruling to which it was not a party? The rationale behind the requirement of privity is closely associated with the fourth requirement of *Ellis*, thus effectively merging consideration of the two. The charged party (Miller Construction) must have its interests sufficiently represented in the first action so that the use of collateral estoppel is not inequitable. *See Parklane Hosiery Co. v. Shore*, 439

---

**1.** Offensive collateral estoppel, where a party seeks to estop a defendant from relitigating an issue which the defendant previously litigated and lost, is discouraged. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329–331, 99 S.Ct. 645, 650–652, 58 L.Ed.2d 552 (1979).

U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

 There is no generally prevailing definition of privity which can be automatically applied to all cases. *McMenomy v. Ryden,* 276 Minn. 55, 148 N.W.2d 804 (1967). Privity is usually a question of fact requiring a case-by-case determination. *Towle v. Boeing Airplane Co.,* 364 F.2d 590 (8th Cir.1966) (appeal from D.C.Minn.). A privy to a party may be identified by the privy's controlling participation and active self-interest in the original litigation. *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 200 N.W.2d 45 (1972). A privy is so identified with the party in interest as to be affected with the party by the litigation. *Hentschel v. Smith,* 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967). Privity does not exist between two joint tortfeasors when only one is sued. *Hentschel,* 278 Minn. at 95, 153 N.W.2d at 206. Participation in the defense alone is not enough. *Id.*

 An individual who has full ownership of a corporation and is in complete control of its affairs is presumed to have a sufficient common interest to be in privity with the corporation. *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir.1983); *Restatement (Second) of Judgments* § 59 (1982). Comment (e) to the Restatement states:

> This identity of interest is perhaps most likely when the controlling owner is the parent of a subsidiary corporation ... When the controlling owner is the party to the litigation, his opportunity and incentive to litigate issues commonly affecting him and the corporation is ordinarily sufficient to treat his participation as being on behalf of the corporation as well.... However, it can happen that a substantial proprietor in a corporation finds himself in conflict with the corporation's management or with other stockholders ... The rule of issue preclusion should not be applied in such circumstances, or where its application would unfairly affect another person associated with the corporation, or ... where the interests of the corporation and its own-

ers were in such potential conflict with regard to the issue that it would be unfair to give preclusive effect to the prior determination.

 Miller Construction d/b/a Miller Real Estate did act as Miller's agent, and appears to have been extensively involved in the activities underlying the Happy Chef suit. As the majority owner of Miller Construction and therefore Miller Real Estate, Miller may well be sufficiently identified with their interests to be said to represent the corporate concerns in his individual litigation. However, it is not clear on this record that their interests were identical in this litigation. Miller's current suit seeking indemnity from both the operations of Miller Real Estate and Miller Construction is evidence of conflict.

Further, there is at least one other shareholder whose interests are not represented. The record does not disclose the exact extent of Miller's ownership nor his involvement in management of the company. It does not disclose the extent of Miller Construction's involvement in the Happy Chef litigation. In fact, the record emphasizes that Miller Real Estate and Miller Construction were not named as parties and that Jim Miller was sued in his individual capacity. Miller Construction's participation as a joint tortfeasor does not, in itself, create a privy relationship. The trial court here did not discuss the issue of privity in its memorandum. Northwestern simply states that there is an identical interest, and Miller Construction simply states there is not. That raises a fact issue. *Caledonia Com. Hosp. v. Liebenberg et al. Associates,* 308 Minn. 255, 248 N.W.2d 279 (1976).

The trial court did not, nor could it have on the record before it, address all factors required by *Ellis.* We believe the summary judgment motion was premature. Without a more complete record, it is impossible to determine if Miller Construction was affected by the judgment in Happy Chef as if it were a party to the degree illustrated in *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 200 N.W.2d

45 (1972). Further evidence must be presented to the trial court to enable it to determine whether privity in fact existed between Miller and Miller Construction.

### DECISION

The trial court's award of summary judgment for Northwestern against Miller Construction on the basis of collateral estoppel was premature when the record was silent on the question of privity between Miller and Miller Construction. A court order is needed to enable plaintiff to dismiss his action against one of two defendants.

Remanded.