**Donald O'CONNOR, et al., Appellants,**

v.

**M.A. MORTENSON COMPANY, Hunt Electric Corporation, Skidmore, Owings & Merrill, Architects, Star Iron Works, Inc., Respondents.**

No. CX–87–2250.

Court of Appeals of Minnesota.

May 31, 1988.

Review Denied July 28, 1988.

William D. Foster, Jefferson, Priesz & Foster, Minneapolis, for Donald O'Connor, et al.

Louise Ann Dovre, Keith J. Kerfield, Minneapolis, for M.A. Mortenson Co.

David K. Wendel, Minneapolis, for Hunt Elec. Corp.

Garrett E. Mulrooney, Jr., St. Paul, for Skidmore, Owings & Merrill, Architects.

Katherine L. MacKinnon, Ellen L. Maas, Steven Michael Phillips, Minneapolis, for Star Iron Works, Inc.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and NORTON, JJ.

## OPINION

NORTON, Judge.

This is an appeal from a summary judgment. Appellant brought suit for personal injuries he suffered in an accident on the premises of the Lutheran Brotherhood Building in Minneapolis. The accident occurred while the building was under construction. The defendants, the architects and contractors of the construction project, moved for summary judgment asserting the suit is barred by the two-year statute of limitations of Minn. Stat. § 541.051, subd. 1 (1986).

## FACTS

On April 17, 1981, Donald O'Connor was injured at the Lutheran Brotherhood Building construction site. At the time, he was working as an employee of Johnston Controls, Inc. (Johnston), a subcontractor of respondent M.A. Mortenson Company (Mortenson). At approximately 6:30 a.m. that day, O'Connor arrived at the site and proceeded down the southeast stairwell to his employer's temporary construction shack in the basement of the building. The steps in the steel-cased stairwell were being constructed by respondent Star Iron Works, Inc. (Star Iron). Each step consisted of a metal pan into which concrete would eventually be poured, but these pans had been temporarily filled with 2×6's. There were three electric lights in the stairwell. They were located, one each, at the head of the stairs, the landing, and the bottom of the stairs, which were installed by respondent Hunt Electric Corporation (Hunt).

Upon entering the stairwell, O'Connor discovered that the landing light was inoperative, leaving the landing and adjacent stairs dark. O'Connor claims he stepped down on a stair near the landing, expecting to step on a stair with a wood filler, but the wood filler was missing. O'Connor fell, striking the stairway wall, injuring himself. As a result, he was required to undergo surgery for replacement of a previously inserted artificial left hip.

O'Connors commenced suit against Mortenson and Hunt on October 17, 1986, five and one-half years after the incident, alleging negligent construction and maintenance of the stairwell, steps and lighting. Appellants subsequently amended their complaint on March 16, 1987 to include claims against Star and respondent Skidmore, Owings & Merrill, Architects.

## ISSUE

Did the trial court err by ruling that claims of a construction worker injured on a job site were barred by the two-year statute of limitations of Minn. Stat. § 541.051 for damages based on services or construction to improve real property?

## ANALYSIS

Minn. Stat. § 541.051, subd. 1 (1986) provides:

Subdivision 1. Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

Nothing in this section shall apply to actions for damages resulting from negli-

gence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

■ Appellant claims that the unfinished stairway missing the temporary wood filler, which is required by federal OSHA regulations, "lacks the permanency to be construed 'an improvement'" under section 541.051, subd. 1. The basic premise behind the argument is that before it can be considered an improvement the stairway would have to be completed.

Several of the respondents object to this argument, claiming the issue whether the stairway constitutes an improvement was not argued before the trial court and thus may not be raised for the first time on appeal.

Additionally they argue, and we agree, that regardless of whether the issue was raised at trial, a steel and concrete stairway is an improvement to real property under the statute. Under both a common sense approach taken by the supreme court and the dictionary definition adopted by the court, we are compelled to rule that the stairway is an improvement. *See Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn.1977) ("common-sense" approach to defining the term "improvement" sanctioned). The supreme court has adopted the definition of "improvement" found in Webster's Third New International Dictionary 1138 (1971):

> a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Id.* (quoting *Kloster-Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975)). *See also Bulau v. Hector Plumbing and Heating Co.*, 402 N.W.2d 528 (Minn. 1987) (fireplace held to be an improvement); *Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794 (Minn.1987) (electrical cabinets held to be an improvement); *Lovgren v. Peoples Electric Co.*, 380 N.W.2d 791 (Minn.1986) (electrical systems components held to be an improvement); *Capitol Supply Co. v. City of St. Paul*, 316 N.W.2d 554 (Minn.1982) (sewer system held to be an improvement); *Pacific Indemnity*, 260 N.W.2d 548 (furnace held to be an improvement).

■ Appellant also argues that even if the unfinished stairway is an improvement, the respondent's general contractor, subcontractors and architect—are all "person[s] in possession" under the Minn. Stat. § 541.051. However, it is clear that the language "person in possession" is not intended to include the general contractor, subcontractors and architect—respondents in this case. Respondent Mortenson reads the language "person in possession" as referring to tenants. Mortenson argues, and this court has held, that the maintenance exception to the statute "evinces a legislative intent to hold owners and possessors to the standard of care required at common law." *Sullivan v. Farmers & Merchants State Bank of New Ulm*, 398 N.W.2d 592, 595 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 13, 1987). The supreme court held more recently that:

> The intent of the exception appears to be, as the trial court observed, to leave undisturbed the limitation period for ordinary landowner's liability. Here, however, the claims against the contractor, the developer, and an engineering firm are for "constructing" and "designing" the improvement, activities which are expressly covered by the 2–year limitations period.

*Ocel v. City of Eagan*, 402 N.W.2d 531, 534 (Minn.1987). General contractors, subcontractors and architects are not held to the standard of ordinary landowner's liability under Minn. Stat. § 541.051.

## DECISION

A stairway is an improvement to real property under Minn. Stat. § 541.051.

The maintenance exception of section 541.051 does not apply to the defendant-respondents here because they are not "person[s] in possession." Thus the suit is

barred by the statute's two-year statute of limitations.

Affirmed.