Blaine FIVELAND, et al., Appellants,

v.

BOLLIG & SONS, INC., Jerry Swinjakow, Carlson Consolidated Realty and Construction Co., Inc., Respondents.

No. C1–88–2115.

Court of Appeals of Minnesota.

Feb. 28, 1989.

Review Denied April 24, 1989.

Daniel A. Utter, Thomas C. Utter, Minneapolis, for Blaine Fiveland, et al.

Joseph M. Stocco, Bloomington, for Bollig & Sons, Inc.

Michael D. Tewksbury, Louise Ann Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, for Jerry Swinjakow.

Jon K. Iverson, Minneapolis, for Carlson Consolidated Realty and Const. Co., Inc.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Blaine and Arlene Fiveland, husband and wife, appeal the trial court's summary judgment dismissing their personal injury claims against respondents as barred by the two-year statute of limitations set forth in Minn.Stat. § 541.051 (1988). The trial court determined that Blaine Fiveland's injuries arose out of the defective and unsafe condition of an improvement to realty and that, therefore, the Fivelands had to bring their actions within two years after discovery of those injuries. On appeal, the Fivelands claim (1) although the improvement to realty may have been unsafe, it was not defective and (2) the two-year statute of limitations should not begin to run until the construction project is completed.

## FACTS

The material facts are not disputed. The Fivelands contracted with respondent Carlson Consolidated Realty and Construction Company (Carlson), whereby Carlson undertook to construct a new attached garage and basement for the Fivelands' home. Carlson subcontracted the masonry work to respondent Jerry Swinjakow who in turn hired respondent Bollig & Sons to perform the excavation for the basement. One of Bollig's employees dug the foundation on October 1, 1985. He did not erect a sign or barricade, or light the area to warn persons of the presence of the excavation. On the evening of October 1, 1985, Blaine Fiveland fell into the unguarded excavation and suffered an injury.

The Fivelands commenced actions against the three respondents between Oc-

tober 9 and November 3, 1987, all more than two years after the injury was sustained. Respondents separately moved for summary judgment, arguing the actions were barred by Minn.Stat. § 541.051. In a consolidated order, the trial court granted these motions and judgment was entered dismissing the Fivelands' claims against all respondents. This appeal followed.

## ISSUES

1. Is an unguarded and unlighted excavation site a defective and unsafe condition of an improvement to realty within the meaning of Minn.Stat. § 541.051?

2. When an injury is discovered prior to the completion of a construction project, does the two-year time limit in section 541.051 begin to run when the injury is discovered or upon completion of the construction project?

## ANALYSIS

Minn.Stat. § 541.051 (1988) provides, in pertinent part:

> Subd. 1(a) [N]o action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the *defective and unsafe condition* of an improvement to real property, * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury * * * nor, in any event shall a cause of action accrue more than ten years after substantial completion of the construction.

Minn.Stat. § 541.051, subd. 1(a) (emphasis supplied).

1. Appellants claim section 541.051 is inapplicable because, although the excavation was in fact an *unsafe* condition of an improvement to real property, it was not also *defective*. Because the Minnesota Su-

---

preme Court has adopted a common sense definition of the term "improvement" to realty, *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn.1977), we believe it would probably adopt a common sense or ordinary definition of "defective" as well. The ordinary meaning of "defective" is "having a defect or defects; incomplete; faulty." *Webster's New Universal Unabridged Dictionary,* 475 (2d ed. 1983). "Defect," in turn, is defined as:

1. lack or absence of something necessary for completeness; shortcoming.

2. an imperfection; fault * * *.

*Id.*

■ The unguarded and unlighted excavation site in this case falls within the ordinary definition of "defective." An open excavation site is normally both guarded and lighted to warn passers-by to stay away. To the extent it is not guarded or lighted, it remains incomplete or imperfect, and needs or desires something further to make it complete or perfect. Consequently, because the condition of the improvement was defective as well as unsafe, section 541.051 applies.

Appellants' reliance upon *Lowry Hill Properties, Inc. v. Ashbach Construction Co.,* 291 Minn. 429, 194 N.W.2d 767 (1971), is misplaced. *Lowry Hill* implicitly drew the distinction between injuries arising out of the defective and unsafe *condition* of an improvement and injuries arising out of *activities* on adjoining land. The *Lowry* court declined to apply section 541.051 because the injuries to the subject property were caused by pile driving activities taking place on adjoining property, not by any defective and unsafe condition of the subject property itself. *Id.* at 441, 194 N.W.2d at 775. *Lowry Hill* in no manner addressed, as appellants suggest, the distinction between the terms "defective" and "unsafe."

■ 2. Appellants also claim that when an injury is discovered before completion of construction, the two year time limit should not begin to run until the project is completed. Appellants correctly point out that the statute, as originally enacted in 1965, was designed to protect construction industry professionals from a rise in liability created by the erosion of the privity of contract doctrine. *See Kittson County v. Wells, Denbrook and Associates, Inc.,* 308 Minn. 237, 242, 241 N.W.2d 799, 802 (1976). With the erosion of the privity doctrine, plaintiffs injured upon real property could sue not only the landowners, but also any other persons contributing to the improvement, such as architects, builders and materials suppliers. To protect building professionals from liability extending for an indefinite period of time, the legislature created the two-year discovery limitation which requires actions be commenced within two years after discovery of the injury. Minn.Stat. § 541.051, subd. 1(a).[1] In addition, the legislature created the 10–year statute of repose, which provides that no action shall accrue more than 10 years after substantial completion of the construction project. *Id.*

Appellants contend the statute is designed to protect building professionals from unexpected claims asserted by persons with whom they have not dealt. In this case, unlike most cases involving section 541.051, the injury occurred during, rather than after, construction. All potential defendants were thus aware of the injury and their potential liability. This is not the case where many years after the fact (i.e. after a professional has completed work on the project), the professional is suddenly made aware of possible liability arising out of his or her past work. Therefore, appellants argue, the evil to be prevented (unforeseen or unexpected liability) is not present and the statute should not apply. Specifically, appellants claim the statute would still effectively serve its purpose of preventing unexpected claims if, where injuries occur during the course of construction, the two year discovery limitation commenced running from the time of

---

**1.** Prior to the 1988 amendment, 1988 Minn. Laws, ch. 607, §§ 1, 3, the two-year limitation commenced upon discovery of the defective and unsafe condition, rather than discovery of the injury. *Wittmer v. Ruegemer,* 419 N.W.2d 493 (Minn.1988).

completion of construction, rather than from the time of the injury itself. Although not without merit, appellants' argument is unconvincing for two reasons.

First, to adopt appellants' construction, we would have to effectively overrule our recent decision in *O'Connor v. M.A. Mortenson Co.*, 424 N.W.2d 92 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. July 28, 1988). Although the issue of when the two-year limitation commences was not directly raised on appeal, we ruled in *O'Connor* that section 541.051 does apply to injuries occurring during the course of construction and thus held that the plaintiff's actions, brought more than two years after discovery of his injury, were barred. *Id.*

Secondly, the legislature has expressly provided two separate limitation periods: one running for two years commencing upon discovery of the injury; and the other running for 10 years from the substantial completion of construction. The legislature has thus considered the importance of the time of substantial completion of construction as a measure for commencing a time period, and has chosen not to use this point as commencement for the two-year limitation period. Furthermore, the legislature has substantively amended section 541.051 five times since its enactment in 1965, *see* 1988 Minn.Laws chs. 547, 607; 1986 Minn.Laws ch. 455, § 92; 1980 Minn.Laws ch. 518, §§ 2–4; 1977 Minn.Laws ch. 65, § 8; therefore, it has closely considered the statute's substantive provisions. Had it intended the two-year limitation be tolled during the course of construction, it would have so expressly provided.

Additionally, although the statute as originally enacted may have been designed to prevent only those unanticipated after-the-fact claims against persons not in privity with the plaintiff, *see Kittson County*, 308 Minn. at 242, 241 N.W.2d at 802, the subsequent 1980 amendment to the statute substantially broadened its applicability. Specifically, by providing that the statute applies to any action "in contract, tort, or otherwise," the legislature made it clear the statute should not be limited to claims against persons not in privity with the

plaintiff. 1980 Minn.Laws ch. 518, § 2. The 1980 amendment also broadened the statute's scope by including the landowner and the materials supplier as persons entitled to the statute's protection. *Id.* Consequently, appellants' claim that the statute should be narrowly construed and given a limited effect is unconvincing in light of the legislature's expressly broadening the statute's effect.

## DECISION

The trial court's decision dismissing appellants' claims against respondents as barred by the statute of limitations is affirmed.

AFFIRMED.