Jerry K. BRUNSOMAN, Respondent,

v.

Douglas R. SELTZ, Appellant.

No. C5–87–1006.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Review Denied Jan. 15, 1988.

Robert F. Collins, Minneapolis, for respondent.

Donald G. Clapp, St. Paul, for appellant.

Heard, considered, and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Jerry Brunsoman, having previously obtained a judgment against the limited partnership of which Douglas Seltz was general partner, brought this action to enforce that judgment against Douglas Seltz. Although the case had been scheduled for trial, the trial court entered judgment for Brunsoman on the basis of the records and arguments of the parties. From that judgment, and the trial court's denial of his motion for a new trial, Seltz appeals. We affirm.

## FACTS

The underlying facts of this action are set forth in *Brunsoman v. Lexington–Silverwood*, 385 N.W.2d 823 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. June 13, 1986) (*Brunsoman I*), in which this court affirmed an award of judgment in favor of Brunsoman and against Lexington–Silverwood, a limited partnership. Seltz has at all relevant times been the general partner of that limited partnership. Brunsoman subsequently brought this suit against Seltz individually on the theory that, as general partner, Seltz is liable for the unpaid judgment against Lexington–Silverwood.

Without taking any evidence and after reviewing the parties' memoranda of law and the record, including the records in *Brunsoman I*, the trial court found as

facts: that the prior judgment remained unpaid; that Seltz was a general partner of the partnership against which the judgment had been entered; that the issues in this case were identical to those in the previous litigation; that Seltz had controlled the defense of the previous action and received a full and fair opportunity to be heard on those issues; and that a final judgment had been entered on the merits. The trial court concluded that Seltz was liable as a general partner and that collateral estoppel made relitigation of the issues unnecessary.

Seltz moved for a new trial on the grounds that the court had made its decision solely on the basis of written argument and that the order was legally erroneous and not justified by the evidence. This appeal followed the trial court's denial of that motion.

## ISSUES

1. Can a judgment against a partnership be enforced in a subsequent proceeding against a general partner who was not a party to the original proceeding?

2. Did the trial court properly apply the doctrine of collateral estoppel?

3. Is this suit barred by Brunsoman's earlier suit against the partnership?

## ANALYSIS

### I

The validity of the judgment against the limited partnership is not disputed. Rather, Seltz argues that the prior judgment is not enforceable against him unless he is given the opportunity to relitigate the merits of the partnership's liability.

Under Minn.Stat. § 322A.33 (1982), a general partner of a limited partnership has the same liabilities as a partner in a partnership without limited partners. Minn.Stat. § 323.14 (1982) makes all partners liable jointly for the debts and obligations of the partnership. Because Seltz is a general partner and the original judgment is an obligation of the partnership, a straightforward application of those statutes would make Seltz liable for the judgment against the partnership. Such an approach would accord with the basic partnership principle that at least one general partner must remain personally liable for the debts of a limited partnership. Cf. Minn. Stat. § 322A.63(3) (1982) (limited partnership dissolved upon withdrawal of general partner unless at least one other general partner remains).

■ However, Seltz argues that due process and fair play require that a person not be bound by a judgment to which he was not a party. Using similar reasoning, the Alabama Supreme Court has held that due process does not allow the enforcement of a partnership judgment against a partner who had no opportunity to defend himself or the partnership on the question of liability for that debt. *Prado North Residences, Ltd. v. Prado North Condominium Ass'n, Inc.*, 477 So.2d 396, 399 (Ala.1985). Although partnership law makes general partners liable for partnership debts, that liability does not change the due process requirement that a party charged with responding personally for partnership liabilities must have an opportunity to contest the claim on its merits. *Detrio v. United States*, 264 F.2d 658, 661 (5th Cir.1959).

Because due process prohibits the enforcement of a judgment against a person who had no opportunity to defend on the question of liability, the trial court properly relied instead on the principles of collateral estoppel in determining Seltz's liability.

### II

■ Under the doctrine of collateral estoppel, a person not a party to a suit may be estopped from relitigating an issue decided in that suit if four elements are met:

(1) identical issues in both actions;

(2) a final judgment on the merits in the first action;

(3) the estopped party was in privity with a party to the first action; and

(4) the estopped party had a full and fair opportunity to be heard on the issue adjudicated in the prior action.

*Miller v. Northwestern National Insurance Co.*, 354 N.W.2d 58, 61 (Minn.Ct.App. 1984) (citing *Ellis v. Minneapolis Comm'n*

*on Civil Rights,* 319 N.W.2d 702 (Minn. 1982)).

Seltz does not dispute that the issues in this case are identical to those decided in *Brunsoman I,* or that a final judgment on the merits was rendered in that case. He does, however, assert that the requirements of privity and an opportunity to be heard have not been met.

 The concept of "privity" has not been strictly defined, but it expresses the idea that certain non-parties may be so connected with the litigation that the judgment should also determine their interests. *See Margo–Kraft Distributors, Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 278, 200 N.W.2d 45, 47, (1972). Privity exists where the record demonstrates controlling participation and active self-interest in the litigation. *Id.* The basic requirement is that the estopped party's interests have been sufficiently represented in the first action so that the application of collateral estoppel is not inequitable. *Miller,* 354 N.W.2d at 61–62 (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 98 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

 Seltz admits that he was the general partner of the defendant in the prior case and that he testified and participated in the trial of that case. While mere participation may not be sufficient to raise collateral estoppel, *see Hentschel v. Smith,* 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967), the trial court's finding of privity was justified on these facts. As the general partner of Lexington–Silverwood, Seltz would have controlled the litigation and had an obvious self-interest in its result. The existence of the "large number of individual partners" referred to by Seltz does not change this conclusion: unlike general partners, limited partners are not personally liable for partnership debts and cannot participate in the control of the firm's business without losing that limited liability. *See* Minn.Stat. § 322A.26(a) (1982) (limited partners not liable for partnership obligations unless they take part in the control of the business). Seltz's personal liability, control over the partnership's affairs, and participation in the litigation are sufficient to support a finding of privity for purposes of collateral estoppel.

Seltz also relies on the dissent in *Brunsoman I,* 358 N.W.2d at 827 (Foley, J., dissenting), to argue that he was not given a full and fair hearing on the issue of rescission. The gist of that dissent was that counsel for the partnership should have been permitted to cross-examine Brunsoman on matters that might have shed some light on the issue of whether the contract had been rescinded.

However, the conclusion of the *Brunsoman I* majority that the trial court did not abuse its discretion in limiting the scope of cross-examination necessarily implies that such limitation did not deprive the partnership of a fair hearing. Since the partnership received a full hearing on the issue, and nothing indicates that the result would have differed had Seltz been named as a defendant, the trial court properly found that Seltz is collaterally estopped from relitigating the issue of liability.

### III

Finally, Seltz argues that Brunsoman's initial decision to sue only the partnership bars this subsequent action against Seltz on the same claim. For his part, Brunsoman asserts that Minn.Stat. § 548.20 (1982) allows him to bring this suit despite the existence of a prior judgment based on the same underlying claim.

Minn.Stat. § 548.20 provides, in relevant part:

All parties to a joint obligation, including * * * co-partnership debts * * * shall be severally liable also for the full amount thereof. They may be sued thereon jointly, or separate actions may be brought against each or any of them, and judgment rendered in each, without barring an action against any of those not included in such judgment, or releasing any of those not sued. The court, upon its own motion or on application of any interested party, may require the plaintiff to bring in as defendants all the parties jointly liable on the obligation in suit.

Minn.Stat. § 548.20 (1982).

 In this case, by suing the partnership, Brunsoman effectively sued jointly

any partners who had potential liability on the debt, but only to the extent of partnership assets. *See* Minn.Stat. § 540.15 (1982) (partners may be sued under common name, and judgment shall bind their joint property). The applicability of Minn.Stat. § 548.20 to this case is doubtful, because on its face it permits either joint suit against the partnership or separate suits, but does not address whether both are permitted.

■ However, even if the statute does not provide a basis for this suit, it does not prohibit it, nor is it precluded under the modern doctrine of merger. Although that doctrine prohibits successive suits against the same parties on the same cause of action, a judgment against one defendant has been held not to bar a suit against another defendant on the same cause of action. *See Engelstad v. Cargill, Inc.*, 336 N.W.2d 284, 285–86 (Minn.1983) (creditor's prior judgment against agent does not preclude subsequent suit against principal for same debt, but creditor entitled to only one satisfaction).

This result is also in accord with the *Restatement (Second) of Judgments* § 60 (1982), under which a successful action against a partnership, however the defendant is denominated, binds only the individual partners who were actually parties and partnership property, but does not preclude subsequent actions against partners who were not parties. *Id.*, comment *d*, illustration 3.

## DECISION

While Seltz was not automatically liable for the judgment against the partnership, the trial court properly found that he was collaterally estopped from relitigating the issue of liability and that this suit was not barred by the prior suit against the partnership.

Affirmed.