**Robert BUBLITZ, Jr., Relator,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. C5–95–1603.

Supreme Court of Minnesota.

April 5, 1996.

---

Bradford Colbert, St. Paul, for Relator.

Hubert H. Humphrey III, Attorney General, State of Minnesota, Thomas K. Overton, Tax Litigation Division, St. Paul, for Respondent.

## OPINION

PAGE, Justice.

Robert Bublitz, Jr. (Bublitz) petitioned this court for a writ of certiorari to review a decision and order of the Minnesota Tax Court. Bublitz appealed to the Minnesota

Tax Court from an order of the Commissioner of Revenue (Commissioner) dated March 30, 1994, assessing a controlled substance tax and penalty against Bublitz in the amount of $197,600 pursuant to Minn.Stat. § 297D.04 (1994). Bublitz argued that the tax assessed, after the forfeiture of a Chevrolet Suburban (Suburban) he had used in a controlled substance crime, constituted double punishment. The Honorable Kathleen Doar, Chief Judge, granted summary judgment in favor of the Commissioner and denied Bublitz's cross-motion for summary judgment. The tax court concluded that it need not address Bublitz's claim that the imposition of the tax was double punishment in violation of Article I, Section 7, of the Minnesota Constitution and the Fifth Amendment to the United States Constitution because Bublitz did not own the forfeited Suburban.

Bublitz sought a rehearing of the tax court decision on the grounds that the Commissioner was collaterally estopped from claiming that Bublitz did not own the Suburban because the state argued during the forfeiture proceeding that Bublitz owned the Suburban and because Bublitz was determined to be the owner of the Suburban during the forfeiture proceeding. The tax court denied the motion for rehearing, concluding that the doctrine of collateral estoppel was not applicable because the issue of ownership was not adjudicated during the forfeiture proceeding and because the Commissioner was not a party to the forfeiture proceeding or in privity with a party to the proceeding. We affirm.

Sometime on May 1, 1993, Bublitz and another man were the subjects of a police chase while driving the Suburban in Winona, Minnesota. They abandoned the Suburban and it was seized by the police. At the time of the chase, they were using the Suburban to transport a quantity of cocaine. Bublitz pled guilty in federal district court to the felony offense of possession with the intent to distribute 495 grams of cocaine and was sentenced to the custody of the Federal Bureau of Prisons for a period of 37 months, with 5 years of supervised release.

The Suburban was forfeited [1] on February 8, 1994, pursuant to an order issued by the Honorable Lawrence T. Collins, Winona County District Court Judge. Bublitz denied ownership of the Suburban during the forfeiture proceeding. The district court specifically found that Jill Sether was the registered owner of the Suburban. The district court made no other findings with respect to the ownership of the Suburban. In ordering forfeiture of the Suburban, the district court granted default judgment against Jill Sether, who had not appeared at the hearing of the forfeiture demand, and partial summary judgment against Bublitz.

We will uphold a tax court's ruling "where sufficient evidence exists for the tax court to reasonably reach the conclusion it did." *American Ass'n of Cereal Chemists v. County of Dakota*, 454 N.W.2d 912, 914 (Minn.1990). Our review is limited by Minn. Stat. § 271.10, subd. 1 (1994), to whether: (1) the tax court lacked jurisdiction; (2) the decision was not supported by the evidence or in conformity with law; or (3) the tax court committed an error of law. *Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 910 (Minn.1995).

Bublitz argues that the Commissioner is collaterally estopped from claiming that he

---

1. Minnesota Statutes section 609.5311 provides:

    Subd. 2. **Associated property.** All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture under this section, except as provided in subdivision 3.

    Subd. 3. **Limitations on forfeiture of certain property associated with controlled sub-**stances. (a) A conveyance device is subject to forfeiture under this section only if the retail value of the controlled substance is $25 or more and the conveyance device is associated with a felony-level controlled substance crime.

    \* \* \* \* \* \*

    (d) Property is subject to forfeiture under this section only if its owner was privy to the use or intended use described in subdivision 2, or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent.

    Minn.Stat. § 609.5311, subds. 2 and 3 (1994).

did not own the Suburban because he was adjudicated the owner of the Suburban by the district court during the forfeiture hearing. Bublitz bases this argument on his contention that there was an implied finding that he was the owner of the Suburban because the Winona County Attorney commenced a forfeiture proceeding against him, and the district court subsequently granted partial summary judgment against him. Bublitz further contends that the issue of ownership of the Suburban was identical in both the tax appeal and the forfeiture proceeding and that the Commissioner was in privity with the County Attorney because both the County Attorney and the Commissioner act on behalf of the state.

The doctrine of collateral estoppel provides that the determination of an issue by a prior court "is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 902 (Minn.1984). A party may assert collateral estoppel when:

1. The issue was identical to one in a prior adjudication;
2. There was a final judgment on the merits;
3. The estopped party was a party or in privity with a party to the prior adjudication; and
4. The estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Tarutis v. Commissioner of Revenue,* 393 N.W.2d 667, 669 (Minn.1986).

Forfeiture of property associated with controlled substances is governed by Minn. Stat. § 609.5311 (1994). There is a presumption under the forfeiture statute that the registered owner of a motor vehicle is the owner of the motor vehicle for purposes of the forfeiture proceeding. Minn.Stat. § 609.531, subd. 6a(b) (1994).

Review of the district court's decision in the forfeiture proceeding reveals that the only finding made with respect to ownership of the Suburban was that Jill Sether was the registered owner. The trial court did not make any findings as to Bublitz's ownership of the Suburban. Given the statutory presumption that the registered owner of a motor vehicle is the owner of the motor vehicle for purposes of the forfeiture proceeding and the trial court's finding that Jill Sether was the registered owner of the Suburban, we conclude that there is no basis for Bublitz's collateral estoppel claim.

In addition, Bublitz's collateral estoppel claim fails because the Commissioner was not a party or in privity with a party to the forfeiture proceeding. *See generally Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 281, 200 N.W.2d 45, 49 (1972) (holding that "one who individually or in cooperation with others so controls an action in advancing his own interests has had his day in court and, in justice, should be bound by the adjudication"). The forfeiture proceeding was brought by the Winona County Attorney pursuant to his responsibilities under Minn.Stat. § 609.531, subd. 4. The Commissioner has no authority under the forfeiture statute and was not involved with the forfeiture proceeding in any way. Further, the Commissioner had no interest in the forfeiture proceeding, nor did the County Attorney represent any interest of the Commissioner during the forfeiture proceeding.

Affirmed.