Duane REIL, Appellant,

v.

**Diane BENJAMIN, Respondent.**

No. C3–98–609.

Court of Appeals of Minnesota.

Oct. 6, 1998.

Review Denied Nov. 17, 1998.

---

Walter E. Sawicki, Sawicki Neese & Phelps P.A., Woodbury, for appellant.

Eric J. Magnuson, Jennifer L. Beens, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., SHORT and DAVIES, JJ.

## OPINION

SCHUMACHER, Judge.

Respondent Diane Benjamin moved for summary judgement on the grounds that appellant Duane Reil's claim for damages was barred by collateral estoppel. The district court granted Benjamin's motion for summary judgment based on the fact that collateral estoppel prevented Reil from bringing a claim because he was in privity with his employer, All American Mechanical Inc., in the initial law suit. We affirm.

## FACTS

On January 16, 1992, Reil and Benjamin were involved in an automobile accident. At the time of the accident, Reil was an employee of All American. As a result of injuries sustained in the accident, Reil was paid workers' compensation benefits by All American through State Fund Mutual Insurance Co. All American then commenced a suit against Benjamin, seeking subrogation and indemnification for the workers' compensation benefits paid to Reil. All American claimed that Benjamin's negligence was the cause of the accident and, therefore, Benja-

min was liable as a third party pursuant to Minn.Stat. § 176.061, subd. 5 (1996).

Because of the likelihood of a separate action by Reil, a stipulation to consolidate Reil's claim with the pending subrogation claim was executed on October 4, 1996. The agreement was signed by Benjamin's attorney, All American's attorney, and Reil's attorney on his behalf. The stipulation provides as follows:

[T]he facts in the matter of All American Mechanical, Inc. v. Diane Benjamin, and the facts and legal issues to be resolved in Duane Reil's Complaint against Diane Benjamin are virtually identical, and documentary evidence, witnesses, and legal issues to be resolved are also identical;

* * * judicial economy would be served by consolidating Duane Reil's Complaint against Diane Benjamin with that of All American Mechanical, Inc. v. Diane Benjamin, and the parties seek to avoid unnecessary duplicative discovery to be conduct-ed[.]

* * * *

1. That Duane Reil, * * * shall be allowed to file and serve his Complaint arising out of the January 16, 1992 auto accident upon defendant by November 15, 1996;

2. That the parties are in agreement that Duane Reil's Complaint should be consolidated with the pending case of All American Mechanical, Inc. v. Diane Benjamin; and

3. That the parties are in agreement that it would be reasonable for the trial, as consolidated, to be continued until February 1, 1997, in order to allow Duane Reil and his attorney to pursue any necessary discovery.

Reil, however, subsequently chose not to consolidate his claim with All American. In late June, All American's case against Benjamin was tried. The jury found Benjamin not negligent in the operation of her vehicle. All American moved for a new trial, which was denied. All American did not appeal.

On August 22, 1997, Reil commenced his own personal injury action against Benjamin. Benjamin brought a motion for summary judgment based on collateral estoppel. Reil argued that collateral estoppel does not bar a subsequent suit because he was not a party to the previous action and was not in privity with All American. The district court granted Benjamin's motion. Reil appeals.

## ISSUE

Did the district court err as a matter of law in granting Benjamin's motion for summary judgment based on the fact that Reil's claim for damages was barred by collateral estoppel?

## ANALYSIS

Reil claims that the district court erred in precluding him from bringing a separate action, citing *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899 (Minn.1984).

■ In reviewing a district court's order granting summary judgment, this court must decide whether any issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992) (citing *Offerdahl v. University of Minnesota Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988)). The application of collateral estoppel is a mixed question of law and fact; once it is determined that collateral estoppel is available, the decision to apply it is left to the discretion of the trial court. *Regents of Univ. of Minnesota v. Medical Inc.*, 382 N.W.2d 201, 207 (Minn.App.1986), *review denied* (Minn. Apr. 18, 1986).

■ The facts of this case are not in dispute, and the only question is whether Reil's claim is barred by collateral estoppel as a matter of law. Collateral estoppel provides that a legal question or fact issue that has been determined by a court of competent jurisdiction cannot be relitigated in a subsequent action between the same parties or their privies. *Kaiser*, 353 N.W.2d at 902 (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). Collateral estoppel bars a subsequent action when the issues to be tried in the second case are identical to the issues tried in the first case, the court has entered a final judgment on the merits, the estopped

party was a party or in privity with a party in the first case, and the estopped party was given a full and fair opportunity to be heard. *Bublitz v. Commissioner of Revenue*, 545 N.W.2d 382, 385 (Minn.1996).

There is no dispute that the first two requisites have been met. The issue in both the All American case and Reil's case is negligence. A final determination on the negligence issue was decided by a jury, which found that Benjamin was not negligent. The only issue for appeal is to determine whether Reil was in privity with All American and whether he had an opportunity to be heard.

Privity does not follow one specific definition, but rather expresses the idea that a judgment should also determine the interests of certain non-parties closely connected with the litigation. *Brunsoman v. Seltz*, 414 N.W.2d 547, 550 (Minn.App.1987), *review denied* (Minn. Jan. 15, 1988). In general, privity requires that the estopped party's interests have been sufficiently represented in the first action so that the application of collateral estoppel is not inequitable. *Id.*

In *Kaiser*, collateral estoppel did not preclude firefighters from asserting a damages claim because they were not in privity with the city. 353 N.W.2d at 904. Some of the reasons for finding against employer/employee privity turned on the fact that the firefighters had no notice of the summary judgment motion, they had no right to be heard at oral argument on the motion, the former action was not commenced on behalf of the firefighters, and they did not have any control over the proceedings. *Id.* More importantly, the supreme court pointed out that the application of collateral estoppel would have been unfair because the trial court in the original action failed to make a determination on the issue of liability. *Id.* at 907. The fact that negligence was never determined was yet another factor that led the court to hold the application of collateral estoppel was not proper.

The facts in this case are markedly different from those in *Kaiser*. Unlike *Kaiser*, Reil was aware of the prior trial and the summary judgment motion. He recognized and stipulated to the fact that the legal issues, witnesses, and evidence in both cases were virtually identical. Reil took the witness stand in the subrogation case and gave sworn testimony regarding the facts surrounding the accident. Furthermore, Reil did not merely fail to intervene. The stipulation attests to the fact that he took steps towards consolidating his case with All American's case, even though at the last minute he decided not to follow through. Finally, Reil and All American were operating under the same legal theory—negligence—on which issue the jury made a determination.

Considering all of the facts, we conclude that Reil was in privity with All American in the initial suit. Reil's objectives regarding Benjamin's liability were identical to All American's. He makes no claim that All American was not adequately represented at the trial. Reil is barred from bringing this action. *See id.* (collateral estoppel works to bar subsequent action where issues previously litigated are identical to issues presently being considered and party bringing claim could have easily joined in prior action to avoid unnecessary relitigation of issues).

### DECISION

Collateral estoppel precludes Reil from asserting a damages claim because he was in privity with All American. Unlike *Kaiser*, Reil's legal interests were sufficiently represented in the subrogation action. The district court did not err as a matter of law in granting Benjamin's motion for summary judgment.

**Affirmed.**

DAVIES, Judge (dissenting).

I respectfully dissent.

The majority opinion abandons the firmly established collateral estoppel requirement of privity. *See Bublitz v. Commissioner of Revenue*, 545 N.W.2d 382, 385 (Minn.1996) (party may assert collateral estoppel against one who was party to, or in privity with party to, prior adjudication); *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984) (same); *Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274,

277, 200 N.W.2d 45, 47 (1972) (same); *Brunsoman v. Seltz,* 414 N.W.2d 547, 550 (Minn. App.1987) (same), *review denied* (Minn. Jan. 15, 1988); *Bogenholm v. House,* 388 N.W.2d 402, 405 (Minn.App.1986) (same), *review denied* (Minn. Aug. 13, 1986).

The majority does not cite a single case that applies collateral estoppel without privity. Nor does the majority cite a case to show that in this case the essential requirements for privity are satisfied. Instead, the majority focuses on a test for collateral estoppel that only becomes relevant *after* all requirements of privity have been found.

An essential requirement for privity is that the party to be estopped is "so identified in interest with another that he represents the same legal right." *Beutz v. A.O. Smith Harvestore Prods., Inc.,* 431 N.W.2d 528, 533 (Minn.1988). *See also Margo–Kraft,* 294 Minn. at 278, 200 N.W.2d at 47–48 (party in privity is one that, while not a party, controlled an action and whose legal interests were represented by a party to the action); *Brunsoman,* 414 N.W.2d at 550 ("Privity exists where the record demonstrates controlling participation and active self-interest in the litigation," and requires that the estopped party's interests were sufficiently represented in the prior action so that application of collateral estoppel is not inequitable); *Bogenholm,* 388 N.W.2d at 406 (privity requires that the nonparty exercise such control over action advancing its own interests that the nonparty has effectively had its day in court).

In ignoring the privity requirement, the majority seems significantly influenced by a stipulation. In that stipulation, the parties expressed their expectation that appellant Duane Reil would commence an action against respondent, an action which would then be consolidated with the employer's action. That stipulation, like many stipulations, was a statement of the agreement of the parties on certain *facts* and, here also, as to how they *expected* the case to develop. It was, in effect, also a joint *letter* prepared for submission to whatever judge would later decide whether appellant's case would be consolidated with the employer's action. There is in the stipulation *no promise* by appellant that he would proceed as the stipulation proposed. Nor is there in the stipulation an agreement by appellant that he would be bound by the result in the employer's action. (Note paragraph numbered 1 in stipulation.) [1]

Further, because the stipulation was never submitted to a judge, or otherwise imple-

1. The body of the stipulation reads—in its entirety—as follows:

WHEREAS, the above-referenced matter arises out of an automobile accident which occurred on January 16, 1992, and plaintiff All American Mechanical, Inc. has made a subrogation claim for workers' compensation benefits paid out to their former employee, Duane Reil, who was involved in the accident with defendant Diane Benjamin;

WHEREAS, Duane Reil is making a separate personal claim against Diane Benjamin for damages arising out of the January 16, 1992 automobile accident, above and beyond what was paid by workers' compensation;

WHEREAS, the parties in All American Mechanical, Inc. v. Diane Benjamin, and Duane Reil are in agreement that the facts in the matter of All American Mechanical, Inc. v. Diane Benjamin, and the facts and legal issues to be resolved in Duane Reil's Complaint against Diane Benjamin are virtually identical, and documentary evidence, witnesses, and legal issues to be resolved are also identical;

WHEREAS, the parties are in agreement that judicial economy would be served by consolidating Duane Reil's Complaint against Diane Benjamin with that of All American Mechanical, Inc. v. Diane Benjamin, and the parties seek to avoid unnecessary duplicative discovery to be conducted;

WHEREAS, this Court has the power to consolidate the Complaint by Duane Reil against Diane Benjamin with the above-captioned matter, All American Mechanical, Inc. v. Diane Benjamin, and to provide a continuation of the trial as a consolidated matter by the two party plaintiffs;

IT IS HEREBY STIPULATED, on the consent of the parties, through their respective attorneys,

1. That Duane Reil, by and through his attorney, *shall be allowed* to file and serve his Complaint arising out of the January 16, 1992 auto accident upon defendant by November 15, 1996;

2. That the parties are in agreement that Duane Reil's Complaint should be consolidated with the pending case of All American Mechanical, Inc. v. Diane Benjamin; and

3. That the parties are in agreement that it would be reasonable for the trial, as consolidated, to be continued until February 1, 1997 in order to allow Duane Reil and his attorney to pursue any necessary discovery. (Emphasis added.)

mented, it is a legal nullity. It was captioned as a submission in the employer's case, but is not, as far as we know, part of the record in that case. It is like an undelivered deed. As to the employer's action, appellant remained an onlooker without a financial stake in the result, without control, and without a right to appeal. *See Kaiser,* 353 N.W.2d at 904 (court determining privity considers whether: (1) prior action was brought on behalf of estopped party; (2) estopped party had control over conduct of prior action; (3) estopped party had direct financial interest in prior action; and (4) estopped party had right to appeal from judgment in prior action).[2]

The record does not show why appellant decided to proceed alone. But it is easy to think of legitimate reasons for appellant not to have joined the employer's action, rather than the objectionable and speculative motive the majority assigns. For example, appellant's damages may have not yet matured when the employer's case was going to trial. Or appellant's lawyer may have been compelled to avoid involvement in that lawsuit to give himself time to prepare properly. Appellant may have found the employer's lawyer unwilling to work in a cooperative partnership that would assure that appellant's interests, along with the employer's, would be fairly presented.

There may, of course, have been that less legitimate reason why appellant did not consolidate his action with the employer's suit. He may have concluded (wrongly, I think) that he could arrange two opportunities to find respondent negligent. Appellant may have decided he could assert collateral estoppel against respondent if the employer prevailed on the negligence issue, while expecting to avoid any collateral estoppel bar if, as actually occurred, the employer were to lose on the negligence issue.

Whether appellant had this motive is irrelevant, but that is the motive impliedly assigned to him by the district court—and probably by the majority in this court. The district court order declares

> had the jury found Benjamin negligent in the first lawsuit, surely Reil would argue that liability had previously been litigated and should not be re-litigated in this action. Reil cannot have it both ways.

The majority similarly hints. "[T]his court is not willing to allow Reil to pursue the same claim under the exact same legal theory a second time." I suspect, in fact, this "two-chances" concern, more than any other, moved the majority to ignore the requirement of privity.

One-way collateral estoppel is bothersome, without question. But there is a well established—and better—way to avoid it. In my view, the majority has imposed inappropriate *defensive* collateral estoppel, when traditional restrictions on *offensive* collateral estoppel already effectively and fairly deal with the "heads I win, tails you lose" problem.

The Minnesota Supreme Court has laid out restrictive standards for using *offensive* collateral estoppel, holding

> if the second proceeding was not foreseeable; if the judgment relied on is inconsistent with previous judgments in favor of defendant, or if different procedures apply in the subsequent action [or]
>
> * * * *
>
> in cases where a plaintiff *could easily have joined* in the earlier action * * * the use of offensive collateral estoppel should not be allowed.

*Falgren v. State Bd. of Teaching,* 545 N.W.2d 901, 906, 907 (Minn.1996) (citations omitted) (emphasis added). The facts recited in the parties' stipulation would be highly relevant evidence to show the applicability of the last point in this case. The stipulation shows that appellant "could have easily joined in the [employer's] earlier action" and that appellant for his own reasons chose not to do so. Therefore, under *Falgren,* appellant would have been denied the benefit of *offensive* collateral estoppel. It is, therefore, not nec-

---

**2.** The majority in significant part relies—inexplicably—on *Kaiser. Kaiser* denied application of defensive collateral estoppel. It is a precedent for this dissent's position. Just because *Kaiser* was the easiest case imaginable (the parties pro-

tected from defensive collateral estoppel in *Kaiser* did not even know about the previous action) does not covert it into a precedent for defensive collateral estoppel.

essary, for even-handed justice, to impose a *defensive* collateral estoppel on him. Neither party should have the benefit of collateral estoppel.

Finally, *if our objective is even-handed* justice, we should note respondent's own procedural choices. It was not just appellant who decided to litigate the employer's claim separately. Respondent herself passed up opportunities to bring appellant into the first action.

Respondent could have sought to make appellant an involuntary plaintiff (*see* Minn. R. Civ. P. 19.01 ("If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.")). Respondent could have commenced its own action against the employee and asked for consolidation. Or respondent could have attempted to make appellant a third-party defendant in the employer's action. By letting the employer's suit go forward without appellant's presence, respondent failed to protect herself against the possibility that appellant might seek to impose liability in this second action.

There is no reason to impose collateral estoppel on appellant based on a lawsuit in which he had no part. I would reverse.