*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1997**

Christina Wagner,
Appellant,

vs.

Mark Sowl,
Respondent.

**Filed May 18, 2015
Affirmed
Bjorkman, Judge**

St. Louis County District Court
File No. 69DU-CV-14-737

Christina Wagner, Barnum, Minnesota (pro se appellant)

Mark Sowl, Duluth, Minnesota (pro se respondent)

Considered and decided by Reyes, Presiding Judge; Hudson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Plaintiff-appellant challenges the district court's determination that she did not prove her fraud claim against defendant-respondent and that the action is otherwise barred by res judicata and collateral estoppel. We affirm.

**FACTS**

Respondent Mark Sowl owned and operated the Takk for Maten Café in Duluth. Appellant Christina Wagner was a patron. In 2010, the restaurant was not doing well. On November 9, Wagner gave Sowl a check for $3,000. The check was made out to the restaurant; Sowl deposited it in the restaurant's bank account. Wagner's payment was not otherwise memorialized.

The relationship between the parties deteriorated. In June 2012, Wagner filed a conciliation court claim against the restaurant. According to the claim statement, Wagner loaned the money to the restaurant based on an oral agreement that she would be treated as an investor with the rights to review the restaurant's financial records and to meet with the restaurant's attorney. Wagner alleged that the restaurant had not met these terms and demanded repayment of the $3,000.

On July 1, Sowl and his co-owner transferred ownership of the restaurant to Sandra Thompson. But both Sowl and the co-owner remained on the board of governors of Takk for Maten, LLC until December 2012, when they discontinued their involvement in the corporation.

Wagner's conciliation court claim was heard in late August. On November 15, the conciliation court entered judgment in favor of Wagner in the amount of $3,075. The judgment identifies the debtor as "Takk for Maten Café." Shortly after the judgment was entered, the restaurant closed.[1] Wagner attempted to collect on the judgment through a writ of execution. Wagner contends that Thompson agreed to satisfy the judgment

---

[1] Wagner asserts that the restaurant closed sometime in January 2013.

2

through periodic payments, but Wagner only received one $500 payment. Thompson later filed for bankruptcy. On May 29, 2013, the bankruptcy court discharged all of Thompson's personal debts and any debts of Takk for Maten, LLC to which she extended a personal guaranty.

On December 31, Wagner filed a conciliation court claim against Sowl, seeking to recover the $3,000 she provided to the restaurant. Wagner described her claim as seeking

> [r]ecovery of damages incurred due to [Sowl's] role in *intentionally* neglecting duty of care, duty of full disclosure, knowledge of false information and not correcting to my detriment. Actions include holding monies unfairly under the guise of "investment," without transparency, business meeting, paperwork, intentionally withheld information, and denied agreed upon specified participation. Actions derived from malice, and breach of agreement to prevent any mirror image.

The conciliation court dismissed the claim with prejudice, determining that Wagner gave the $3,000 to the restaurant, not to Sowl, and that Wagner had already obtained a judgment against the restaurant.

Wagner removed the matter to district court for a trial de novo. She filed a new complaint seeking $3,200 from Sowl based on:

> A). Intentional misrepresentation; B). Intentional breach of LLC duty; C). Intentional breach of Loyalty; D). Intentional deceit with malice; E). Intentional breach of LLC grounds; F). Fraudulent Inducement; G). Clandestine disposition; H). Convoluted language that frequently contradicted himself; I). Intentional unjust enrichment for owners at plaintiff's expense; and J). Flagrant disregard for the civil process and judgment ordered.

Wagner asserted that these claims are not identical to those litigated in the 2012 action against the restaurant because "[t]he claim against Mark Sowl is fraud." She alleged Sowl's sale of the restaurant to Thompson was a fraudulent transfer because it allowed Thompson to discharge Wagner's judgment against the restaurant.

The matter came before the district court on August 22, 2014. At the beginning of the hearing, the district court indicated that it believed res judicata and collateral estoppel barred Wagner's claims, but permitted Wagner to argue why her claims should proceed. Wagner acknowledged that she was seeking to recover the same $3,000 for which she obtained a judgment against the restaurant, but she explained that her action against Sowl is based on a different theory (fraud). Based on the parties' arguments, written submissions, and additional exhibits, the district court dismissed Wagner's complaint. The district court concluded that her claims are barred by res judicata and collateral estoppel. It also determined that to the extent Wagner asserted new claims, they essentially allege fraud and Wagner did not meet her burden of proof. Wagner appeals.

## D E C I S I O N

### I. The district court did not clearly err in finding that Wagner did not prove that she is entitled to recover damages based on fraud.

"On appeal from the decision of a district court sitting without a jury, this court determines whether the evidence sustains the findings of fact and whether the findings sustain the conclusions of law and judgment." *Roberts v. Brunswick Corp.*, 783 N.W.2d 226, 230 (Minn. App. 2010). We do not set aside a district court's findings of fact unless they are clearly erroneous. *Id.*; *see also* Minn. R. Civ. P. 52.01. "If there is reasonable

evidence to support the district court's findings, we will not disturb them." *Rogers v. Moore*, 603 N.W.2d 650, 656 (Minn. 1999).

Wagner challenges the district court's findings that she did not present a prima facie case of fraud by Sowl. To prove fraud by misrepresentation, a claimant must show:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

*Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007) (quotation omitted).

The district court found that Wagner failed to establish fraud because (1) she did not produce evidence that she gave the money to the restaurant based on any representations by Sowl; (2) most of Sowl's claimed misrepresentations and other fraudulent conduct occurred after Wagner provided the money to the restaurant; and (3) the only damages Wagner sustained are the loan proceeds, for which Wagner already obtained a judgment against the restaurant. And the court further found that Wagner failed to prove that Sowl is personally liable for the judgment. The evidence supports these findings.

Wagner does not dispute the fact that her allegations against Sowl are based on conduct that occurred two years after she provided money to the restaurant. But she argues that Sowl should be held liable because he is "the most reprehensible party in [a]

5

fraudulent sell of LLC ownership" carried out to escape liability for the judgment. We are not persuaded. Wagner's argument is premised on the claim that Sowl sold the restaurant to Thompson to avoid personal liability. But at the time of the sale, there was no judgment, only a conciliation court claim against the restaurant. The record also indicates that Sowl informed Wagner of his plan to transfer ownership of the restaurant to Thompson in July 2012, prior to the first conciliation court hearing. Moreover, Wagner does not explain how the transfer of ownership would allow the judgment to be discharged.

Based on our careful review of the record, we conclude that the district court did not clearly err in determining that Wagner did not prove that Sowl committed fraud or that she suffered resulting damages.

## II. Wagner's claims are barred by res judicata.

Res judicata is a finality doctrine that prevents a party from bringing a claim that was, or could have been, raised in a prior action. *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 239 (Minn. 2007). The doctrine applies when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quotation omitted). Res judicata requires a party "to assert all alternative theories of recovery in the initial action." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004) (quotation

omitted). The application of res judicata is a question of law that we review de novo. *Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013).

*Same factual circumstances*

"A claim or cause of action is a group of operative facts giving rise to one or more bases for suing." *Hauschildt*, 686 N.W.2d at 840 (quotation omitted). Wagner argues that this action does not involve the same group of operative facts as the 2012 conciliation court proceeding because it is based on subsequent events. We disagree. First, Wagner's assertions that she was not afforded the investor rights she was promised—access to financial information and involvement with the restaurant's attorney—and that her money was not returned on demand, appear in both her first conciliation court claim statement and the complaint in this case. Second, we agree with the district court that both actions seek recovery for the same damages. Therefore, both actions are premised on the factual circumstances surrounding Wagner's initial payment to the restaurant and subsequent demands for repayment.

*Same parties*

Sowl was not a party to the initial action, so we consider whether he was in privity with the restaurant. Privity recognizes "that a judgment should also determine the interests of certain non-parties closely connected with the litigation." *Reil v. Benjamin*, 584 N.W.2d 442, 445 (Minn. App. 1998), *review denied* (Minn. Nov. 17, 1998). "Because the circumstances in which privity will be found cannot be precisely defined, we have held that determining whether parties are in privity requires a careful

7

examination of the circumstances of each case." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011).

The undisputed facts demonstrate that Sowl was in privity with the restaurant. Although not a party, Sowl was closely connected with both the underlying circumstances and the initial conciliation court proceeding. Sowl was a co-owner of the restaurant and served on the board of governors of Takk for Maten, LLC at all relevant times. *See id.* at 120 (stating that the legal interests of a corporation and its officers are similarly affected by the outcome of a legal proceeding). He received the check from Wagner, deposited it in the restaurant's account, and allegedly made statements to Wagner concerning repayment and her role in the company. And Sowl appeared on behalf of the restaurant in the 2012 court proceeding.

### Final judgment on the merits

Wagner argues that the first conciliation court judgment was not final because it was narrow in scope and because she submitted a letter after the judgment was entered indicating that she had unanswered questions. We disagree. The conciliation court proceeding resulted in entry of judgment in the amount of $3,075 against the restaurant. Wagner attempted to collect on the judgment, ultimately obtaining a writ of execution.

### Full and fair opportunity to litigate

Wagner argues that this res judicata element is not met because the district court judge in this case "redirected [her] attention to anything but the evidence" and the evidence was "suppressed during [the] hearing." We are not persuaded. The focus of our analysis is whether Wagner had a full and fair opportunity to litigate her first conciliation

court claim.  *State v. Joseph*, 636 N.W.2d 322, 328-29 (Minn. 2001) (concluding the application of res judicata was proper where a party had a full and fair opportunity to litigate a claim in a prior proceeding).  Nothing in the record indicates that Wagner lacked this opportunity.  Indeed, the initial action resulted in judgment in her favor against the restaurant for the full amount she sought.

In conclusion, all four elements of res judicata are present in this case.[2]  While we understand Wagner's frustration that she is unable to collect on her judgment against the restaurant, that fact does not make Sowl personally liable for the restaurant's debt.

**Affirmed.**

---

[2] The district court also concluded that collateral estoppel bars this action.  Because we conclude that res judicata applies, we do not separately analyze the issue of collateral estoppel.  *See generally Hauschildt*, 686 N.W.2d at 837.

9