*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0850**

David Brian Pemrick,
Appellant,

vs.

Lori Ann Bucher, et al.,
Respondents

**Filed January 17, 2016
Affirmed
Worke, Judge**

Rice County District Court
File No. 66-CV-15-2784

Michael B. Healey, Michael Healey Law, LLC, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Kathryn A. Fodness, Assistant Attorney General, St. Paul, Minnesota (for respondents)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

# UNPUBLISHED OPINION

**WORKE**, Judge

Appellant-employee challenges the dismissal of his tort claims on the grounds of absolute privilege, res judicata, and collateral estoppel, arguing that (1) respondent-employer failed to comply with a subpoena to produce evidence, (2) the district court erred by failing to consider an affidavit, (3) his complaint is legally sufficient, (4) the district

court erred in applying res judicata and collateral estoppel to bar his claims, and (5) the district court erred in concluding that respondent-employee's statements to an off-duty officer were protected by absolute privilege. Because the claims are barred by collateral estoppel, we affirm.

## FACTS

Appellant David Brian Pemrick was an employee of respondent MINNCOR Industries. Respondent Lori Ann Bucher worked alongside Pemrick in laundry services at the Minnesota Correctional Facility (MCF) in Faribault, MN. On February 4, 2015, Bucher reported that she was assaulted by Pemrick the previous day. She told a sergeant at the Minnesota Department of Corrections (DOC) that Pemrick shoved her in the shoulder area and knocked her off balance. The next day, Bucher told an officer at the Faribault Police Department (PD) that Pemrick pushed her.

Bucher then took steps to obtain a harassment restraining order (HRO) against Pemrick. Bucher asserted in an HRO affidavit that she had been shoved by Pemrick. On February 10, 2015, Bucher obtained an ex parte HRO. On March 13, 2015, a contested HRO hearing was held; Pemrick was represented by an attorney. Following the hearing, the district court issued an HRO that prohibited Pemrick from having direct or indirect contact with Bucher and prohibited Pemrick's presence in the laundry building at MCF-Faribault. The HRO contained specific findings that Pemrick physically assaulted Bucher on February 3, 2015. Pemrick did not appeal. MINNCOR subsequently fired Pemrick.

The circumstances surrounding the assault were captured on MINNCOR's video surveillance, which was not offered or received into evidence at the HRO hearing. Pemrick

2

maintained that the assault never occurred, that Bucher's allegations were false, and that the surveillance video showed that no assault occurred. Pemrick filed a complaint in district court presenting four theories of recovery: (1) defamation, (2) fraud, (3) negligent misrepresentation, and (4) negligence. Pemrick's defamation claim was directed at both Bucher and MINNCOR. Pemrick asserted that the following statements concerning the assault were defamatory: (1) Bucher's statement to the sergeant at the DOC, (2) Bucher's statement to the officer with the Faribault PD, (3) Bucher's statement in the HRO affidavit, and (4) the statements made during the HRO proceedings. Pemrick also claimed that the aforementioned statements were published and released to various parties by the DOC, MCF-Faribault, and the Rice County District Court.

Pemrick's fraud claim was directed solely at Bucher and alleged that the aforementioned statements concerning the assault were false. The negligent-misrepresentation claim was directed at MINNCOR and alleged that MINNCOR fired Pemrick despite possessing a surveillance video showing that Pemrick did not commit the assault. Likewise, the negligence claim was directed at MINNCOR and alleged that MINNCOR breached a duty to verify the accuracy of the assault allegations.

MINNCOR and Bucher moved to dismiss the complaint, under Minn. R. Civ. P. 12.02(e), arguing that Bucher's statements were protected by absolute privilege, and res judicata and collateral estoppel barred Pemrick's claims because the issue of the validity of the assault allegations was decided in the HRO proceedings. The district court agreed with those arguments and dismissed the complaint. This appeal follows.

3

**D E C I S I O N**

Before addressing the merits of Pemrick's claims, we must address two peripheral issues. First, Pemrick requests that we order production of the surveillance video possessed by MINNCOR. Second, Pemrick argues that the district court improperly disregarded certain affidavit evidence.

*Video-surveillance evidence*

According to Pemrick, MINNCOR failed to respond to a subpoena requesting production of the surveillance video. Pemrick requests that we compel production of the video if "compliance with [the] subpoena is required." Pemrick offers no legal support for such action, and we decline to take such action. Compelling production of the video would effectively expand the appellate record, which should consist only of the documents, exhibits, and transcripts filed in the district court. Minn. R. Civ. App. P. 110.01. We will not compel production of the video.

Further, the video was of no consequence given the district court's resolution of this case. The district court concluded that no evidence consistent with the complaint (even the surveillance video) would entitle Pemrick to his requested relief. *See* Minn. R. Civ. P. 12.02 (noting matters outside the pleading may be excluded); *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490 (Minn. 2004) (noting dismissal is improper if evidence might be produced, consistent with the complaint, showing entitlement to the requested relief). The district court did not abuse its discretion in dismissing the complaint without requiring production of the video.

*Affidavit evidence*

Pemrick argues that the district court abused its discretion by disregarding an affidavit on the grounds that the affidavit was improperly notarized. The district court did not consider Pemrick's affidavit, not because it was improperly notarized, but because, again, the district court resolved the matter pursuant to Minn. R. Civ. P. 12.02(e), which allows a district court to exclude matters outside the pleadings. *In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 497 (Minn. 1995).

The district court did take judicial notice of the HRO file, but judicial notice may be taken at any point in a proceeding. Minn. R. Evid. 201(f). And a district court may consider documents referenced in the complaint and authenticated copies of key documents upon which the complaint was premised without converting a motion to dismiss to a motion for summary judgment. *N. States Power Co.*, 684 N.W.2d at 490; *Johnson v. State*, 536 N.W.2d 328, 332 (Minn. App. 1995) (quotation omitted), *rev'd on other grounds*, 553 N.W.2d 40 (Minn. 1996). Pemrick has not challenged the district court's taking judicial notice of the HRO file. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (stating that issue not briefed is forfeited). In sum, the district court properly excluded Pemrick's affidavit because the matter was resolved according to Minn. R. Civ. P. 12.02(e).

**Sufficiency of Pemrick's claims**

We next address whether Pemrick's complaint contains a claim upon which relief can be granted. In reviewing a dismissal pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim on which relief can be granted, "the question before [an appellate] court is whether the complaint sets forth a legally sufficient claim for relief." *Hebert v. City of*

*Fifty Lakes*, 744 N.W.2d 226, 229 (Minn. 2008). "[Appellate courts] review de novo whether a complaint sets forth a legally sufficient claim for relief." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014).

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought." Minn. R. Civ. P. 8.01. "[Appellate courts] consider only those facts alleged in the complaint, accepting those facts as true and construing all reasonable inferences in favor of the non-moving party." *In re Individual 35W Bridge Litig.*, 806 N.W.2d 811, 815 (Minn. 2011). However, legal conclusions contained in a complaint do not bind this court. *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010).

The district court concluded that all of Pemrick's claims were barred by absolute privilege, res judicata, and collateral estoppel. Res judicata precludes a party from raising claims that were, or could have been, raised in an earlier action. *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 239 (Minn. 2007). The applicability of res judicata involves an analysis of whether "the earlier claim involved the same claim for relief" as the subsequent claim. *Beaulieu v. Minn. Dep't of Human Servs.*, 825 N.W.2d 716, 724 (Minn. 2013) (quotation omitted). Answering this question involves an inquiry into whether "the same evidence will sustain both actions." *Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013).

In this case, Pemrick's claims for defamation, fraud, negligent misrepresentation, and negligence are causes of action that were not raised and could not have been raised during the HRO proceedings, and the evidence that sustained the HRO would not sustain

6

any of Pemrick's present claims. An HRO is a limited form of relief designed to protect and available only to victims of harassment. Minn. Stat. § 609.748, subds. 2, 5 (2016). Res judicata is inapplicable here because Pemrick's claims were not raised and could not have been raised in the HRO proceedings.

*Collateral estoppel*

Collateral estoppel bars relitigation of "specific issues that have previously been adjudicated." *Mach v. Wells Concrete Prods. Co.*, 866 N.W.2d 921, 927 (Minn. 2015). Whether collateral estoppel applies is a mixed question of fact and law, and once it is determined that collateral estoppel is applicable, the decision to apply the doctrine is left to the district court's discretion. *Reil v. Benjamin*, 584 N.W.2d 442, 444 (Minn. App. 1998), *review denied* (Minn. Nov. 17, 1998). If there is no factual dispute, appellate courts may determine whether claims are barred by collateral estoppel as a matter of law. *Id.* Under the doctrine of collateral estoppel, an issue cannot be relitigated if (1) the issue is the same as one presented in a prior proceeding; (2) a final judgment on the merits was reached in the prior proceeding; (3) the estopped party was either a party or in privity with a party to the prior judgment; and (4) the estopped party received a full and fair opportunity to be heard on the issue. *Barth v. Stenwick*, 761 N.W.2d 502, 508 (Minn. App. 2009).

Here, Pemrick is attempting to relitigate the issue of whether he assaulted Bucher on February 3, 2015. A final judgment was reached in the HRO proceedings; an HRO was issued after a contested hearing; a specific finding was made that Pemrick shoved Bucher on February 3, 2015, thereby physically assaulting Bucher; and Pemrick did not appeal the HRO or otherwise seek relief from the judgment. Pemrick was a party to the HRO

7

proceedings. He received a full and fair opportunity to be heard on the issue; he appeared at the contested HRO hearing; he was represented by an attorney; and testimony was taken at that contested hearing. *See Anderson v. Lake*, 536 N.W.2d 909, 911 (Minn. App. 1995) (noting that the hearing requirements for an HRO include the right to examine and cross-examine witnesses and to produce documents).

The surveillance video was not submitted into evidence during the HRO hearing, though testimony was taken as to the contents of the video. Pemrick could have subpoenaed the surveillance video, or if the video was subpoenaed and not produced, requested a continuance or taken other actions to obtain the video from MINNCOR. *See* Minn. R. Civ. P. 45.05 (allowing findings of contempt for failure to respond to a subpoena). Instead, Pemrick decided to go forward with the contested HRO hearing. Whether Bucher was assaulted by Pemrick on February 3, 2015, was decided in the HRO proceedings; a final judgment on the merits was reached; Pemrick was a party to that judgment; and Pemrick received a full and fair opportunity to be heard on the issue. Thus, collateral estoppel bars relitigation of that issue.[1]

Having determined that collateral estoppel is applicable here regarding whether the assault occurred, we must now determine which of Pemrick's claims are barred. If

---

[1]The district court concluded that MINNCOR was in privity with Bucher as to the HRO result, however, privity is not required here for purposes of applying collateral estoppel to bar claims against MINNCOR. Collateral estoppel requires only that the estopped party be the same in both proceedings. *Barth*, 761 N.W.2d at 508. In this case, Pemrick is estopped and was a party to both proceedings. Minnesota does not require mutuality of parties for purposes of collateral estoppel. *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn. 1990).

relitigation of an issue that is central to a claim is barred by collateral estoppel, then the claim is effectively barred. *See Graham v. Special Sch. Dist. No. 1*, 472 N.W.2d 114, 119 (Minn. 1991) (holding collateral estoppel barred defamation action when alleged defamatory statements were found to be true in previous proceeding). Here, all of Pemrick's claims are barred.

Pemrick's defamation and fraud claims against Bucher are barred by collateral estoppel because Bucher's statements were determined to be true. *See id.*; *see also U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011) (noting a common-law claim of fraud requires proof of a false representation); *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980) (noting true statements are not actionable in a defamation action). The defamation claim against MINNCOR is also therefore barred because it is rooted entirely in the statements made by Bucher, which were determined to be true.

Regarding the negligent-misrepresentation claim against MINNCOR, to establish such a claim, a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant supplied false information to the plaintiff; (3) the plaintiff justifiably relied on that information; and (4) the defendant failed to exercise reasonable care in communicating the information. *Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012). Pemrick's complaint is unclear as to what false information MINNCOR supplied. Pemrick alleges that MINNCOR fired him despite possessing video surveillance showing that he did not commit an assault against Bucher. Essentially, Pemrick alleges that the assault never occurred, and that MINNCOR falsely informed Pemrick that it did. Pemrick's

negligent-misrepresentation claim is barred by collateral estoppel because, at its heart, it seeks to relitigate whether the assault occurred.

Regarding the negligence claim, the elements of a negligence claim are: "(1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury." *Engler v. Illinois Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). Pemrick alleges that MINNCOR had a duty to ascertain the validity of the assault claim, that MINNCOR has video evidence showing Pemrick's innocence, and that MINNCOR breached its duty of care. Pemrick asserts that he sustained damages caused by "Bucher's untruthful statements." Again, the alleged nonoccurrence of the assault is a central issue in Pemrick's claim, and it is therefore barred by collateral estoppel.[2]

Pemrick argues that collateral estoppel is inapplicable because there are differences between the burden of proof in HRO proceedings and civil proceedings. While there is no express burden of proof in Minnesota's HRO statute, issuance of an HRO is not discretionary, as Pemrick asserts. *See* Minn. Stat. § 609.748 (2016). A district court may issue an HRO if it finds "that there are reasonable grounds to believe that [an individual]

---

[2]MINNCOR is an employment program maintained by the DOC that is engaged in commercial activities. Minn. Stat. § 241.27 (2016). MINNCOR asserts that, according to a "relevant collective bargaining agreement," a writ of certiorari is Pemrick's exclusive method of review for challenges to MINNCOR's decision to terminate Pemrick's employment. *See Williams v. Bd. of Regents of Univ. of Minn.*, 763 N.W.2d 646, 651-52 (Minn. App. 2009) (noting that "certiorari is the exclusive method of reviewing the termination decisions of a state agency"). While MINNCOR's argument may have merit, the collective bargaining agreement is not part of the record, and we shall not address MINNCOR's argument.

has engaged in harassment." *Id.*, subd. 5(b)(3). The petitioner bears the burden of proof to establish grounds for issuance of an HRO. *See C.O. v. Doe*, 757 N.W.2d 343, 352 (Minn. 2008) (stating that when a statute does not specify the burden of proof as between the parties, "[t]he general rule is that the burden of proof rests on the party seeking to benefit from a statutory provision"). Further, when the legislature does not provide a standard of proof, such silence reflects a "signal that the legislature intended the preponderance of the evidence standard." *State by Humphrey v. Alpine Air Prods, Inc.*, 500 N.W.2d 788, 790 (Minn. 1993). The Minnesota Legislature has not identified the standard of proof to be used in HRO cases; therefore, the preponderance-of-the-evidence standard applies. In fact, the district court that presided over the HRO hearing noted during the hearing that the applicable standard was preponderance of the evidence, and that the burden of proof was on Bucher.

Because Pemrick's claims are barred by collateral estoppel, we shall not address the issue of absolute privilege.

**Affirmed.**

11