Earl George WILLS, et al., Plaintiffs,

v.

CITIZENS STATE BANK OF SILVER LAKE, Minnesota, Respondent,

Henry Wiedenroth, et al., Third Party Plaintiffs, Appellants.

No. C5-86-1318.

Court of Appeals of Minnesota.

Jan. 27, 1987.

Michael J. Long, Theis & Long, P.A., Glencoe, for respondent.

Henry Wiedenroth, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellants Henry and Lucille Wiedenroth were borrowers from respondent Citizens State Bank of Silver Lake for many years. The bank held a security agreement against the Wiedenroths, filed March 1, 1982, with the McLeod County Recorder covering "all farm livestock, machinery, and equipment now owned and hereafter acquired." A financing statement, dated March 2, 1982, was also filed covering "all equipment of debtor, whether now owned or hereafter acquired."

On September 30, 1982, the Wiedenroths purchased a combine from Earl and Deloris Wills ("the sellers"). The Wiedenroths and the sellers both characterized the transaction as a lease, but under the terms of the contract, the Wiedenroths were obligated to make exactly 50 monthly payments, after which the title and ownership of the combine were to transfer automatically to them.

In 1983 the bank loaned or renewed loans to the Wiedenroths in excess of $70,000. These loans were secured by the March 1982 security agreement and financing statement. The Wiedenroths defaulted on their bank loans in 1984 and the bank commenced a replevin action. Pursuant to a court order, the bank repossessed the combine and sold it at a public auction.

After the combine was repossessed, the Wiedenroths stopped making their monthly payments on it. The sellers subsequently brought a declaratory judgment action against the bank and the Wiedenroths seeking money damages for the loss of the combine. The sellers claimed that because they were leasing it to the Wiedenroths, they retained ownership of the combine and the bank therefore had no right to repossess it. The Wiedenroths filed a cross-claim against the bank, also alleging that the combine was being leased and that the repossession was therefore unlawful, and seeking to recover the installments they had already paid and punitive damages.

The trial court granted the sellers' motion for summary judgment against the Wiedenroths. Finding that the transaction for the combine was a sale rather than a lease, the court entered judgment against the Wiedenroths for $11,020, the amount of the installments still owing under the sales contract.

The bank then moved for summary judgment against the sellers and the motion was granted. The court ruled again that the transaction was a sale rather than a lease and that therefore the Wiedenroths owned the combine and the repossession had been lawful. The Wiedenroths were served notice and appeared at this hearing.

On January 24, 1986, the bank moved for summary judgment on the Wiedenroths' cross-claim. The trial court granted summary judgment, ruling that the Wiedenroths were collaterally estopped from claiming that the transaction was a lease, because the court had already held that it was a sale in two actions to which the Wiedenroths were either parties or in privity with a party. The Wiedenroths' motion to vacate this summary judgment was denied. The Wiedenroths appeal.

## ISSUE

Did the trial court err in granting the bank's motion for summary judgment on

the ground that the Wiedenroths' claim against the bank was barred by collateral estoppel?

## DISCUSSION

"Collateral estoppel precludes the relitigation of issues." Pielemeier, *Due Process Limitations on the Application of Collateral Estoppel Against Nonparties to Prior Litigation*, 63 B.U.L.Rev. 383, 385 (1983). The application of collateral estoppel is appropriate where

(1) the issue is identical to one in a prior adjudication;

(2) there was a final judgment on the merits;

(3) the estopped party was a party or in privity with a party to the prior adjudication; and

(4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*See Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn. 1982).

In this case all four requirements were satisfied. First, the "sale or lease" issue was decided in not one, but two, prior adjudications. In the sellers' summary judgment action against the Wiedenroths and the bank, the trial court order of May 6, 1985, found that, pursuant to Minn.Stat. § 336.1–201(37) (1984), "the agreement in this matter must be construed as a security or financing agreement even though it purports to reserve title in the plaintiffs." The Wiedenroths did not appeal the judgment that was entered pursuant to this order.

In a subsequent order dated September 18, 1985, the trial court dismissed the sellers' complaint against the bank. The court ruled again that "[t]he ownership lease was, as a matter of law, a conditional sales contract." The Wiedenroths were served notice and appeared at this hearing. Both of these prior orders were final judgments on the merits.

The Wiedenroths were parties to the first of these judgments and were in privity

with a party in the second judgment. As the trial court stated in a well-reasoned memorandum:

As regards the "Ownership Lease for Purchase" and the question of whether it constitutes a lease or sales agreement, the Wills and the Wiedenroths are certainly privies. Privies are those who are so connected with one another in law as to be identified with each other in interest. *Hentschel v. Smith*, 278 Minn. 86, 153 N.W.2d 199 (1967). The Wills and the Wiedenroths were parties to the same Agreement, and both stood to benefit in their claims by a finding that the agreement at issue was a lease and not a sales agreement. It would be inconceivable for the same court to reach one conclusion as regards one of the parties and another result as regards the other party when the parties are as closely connected in law and interest as the Wills and the Wiedenroths are in this matter.

Finally, the Wiedenroths were given a full and fair opportunity to be heard on the adjudicated issue. The Wiedenroths were parties to the first action and they were served notice and appeared at the hearing of the second action.

Trial courts have broad discretion in determining whether offensive collateral estoppel should be applied. *White Earth Band of Chippewa Indians v. Alexander*, 683 F.2d 1129 (8th Cir.1982), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 631 (1982). Because all of the requirements for collateral estoppel were met in this case, the trial court did not err in granting the bank's motion for summary judgment.

In opposition to the bank's motion for summary judgment, the Wiedenroths also claimed that the bank loans were usurious. This allegation did not appear in the Wiedenroths' cross-claim against the bank and may not be raised for the first time in opposition to a motion for summary judgment based on collateral estoppel. Because the usury claim was not properly raised, the trial court was correct in declining to address it and it need not be addressed on appeal.

## DECISION

Appellants are collaterally estopped from claiming that their combine was wrongfully repossessed.

Affirmed.