Jeanine M. BARKER,
et al., Appellants,

v.

COUNTY OF LYON, et
al., Respondents.

No. A11–1746.

Court of Appeals of Minnesota.

May 7, 2012.

Gregg M. Corwin, Cristina Parra Herrera, Gregg M. Corwin & Associate, Minneapolis, MN, for appellants.

Ann R. Goering, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for respondents.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Appellants do not challenge the district court's dismissal of their other claims based

Considered and decided by RODENBERG, Presiding Judge; ROSS, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellants, present or former employees, brought this action alleging claims for breach of contract, promissory estoppel, declaratory judgment, and unconstitutional impairment against respondents, a county and its board of commissioners. Respondents moved for summary judgment on all of appellants' claims, and the district court granted summary judgment dismissing all the claims. Appellants challenge the dismissal of their promissory estoppel and unconstitutional impairment-of-contract claims.[1]

## FACTS

This case results from successive changes made by respondent Lyon County Board of Commissioners (the board) to its personnel policy manual (the manual). The 1985 edition of the manual provided that "[a]ny employee retiring while in active service shall be entitled to 3% per year of service towards their health insurance premium."

The 1991 edition added to the introduction the language that "[t]he [b]oard reserves the right to change any of these policies, after notice to and input from employees," and provided that "[a]ny employee or elected official retiring while in active service shall be entitled to four percent per year of service towards their health insurance premium." The 1995 edition, above the introduction, proclaimed in

on its conclusion that the policy manual ceased to be a contract after 1995, when an explicit disclaimer of contract status was added to it.

large, bold-face capital letters that "THIS POLICY MANUAL IS NOT AN EMPLOYMENT CONTRACT." The 1999 edition codified a resolution the board passed in 1997 that provided:

> Any employee or elected official hired on a full-time basis or elected to office prior to May 01, 1997 and retiring while in active service shall be entitled to four percent (4%) per year of service towards the County dental and health insurance premium. . . . Any employee hired after May 01, 1997 shall not be eligible for this benefit.

In 2009, the board adopted an amendment to the 1999 provision:

> Any employee or elected official hired on a full-time basis or elected to office prior to May 01, 1997 and retiring while in active service shall be entitled to monthly contributions of a maximum amount of $330, which shall be prorated at 4% per year of service. Payments would continue for ten years (120 monthly payments), or upon death of the retiree, whichever occurs first. . . . Any employee hired after May 01, 1997 shall not be eligible for this benefit.

Appellants are present or former employees of respondent County of Lyon (the county) who were hired prior to 1 May 1997 and who were still working in 2009. They were aware of this resolution, but did not retire before its effective date.

## ISSUES

1. Was it reasonable for appellants to rely on the 1991 policy manual's provision of a post-retirement benefit of four percent per year of service of health-insurance costs?

2. Does the right to retirement benefits based on years of service vest prior to retirement?

## ANALYSIS

On an appeal from summary judgment, this court reviews de novo whether genuine issues of material fact exist and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn. 2002).

### 1. Reasonableness of Appellants' Reliance

 To justify a claim for promissory estoppel, a plaintiff must show that: (1) "a clear and definite promise was made"; (2) the promisor intended to induce reliance on the promise, the promisee in fact relied on the promise, and the reliance was to the promisee's detriment; and (3) "the promise must be enforced to prevent injustice." *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn.2000). The promisee's reliance on the promise must be reasonable. *Nicollet Restoration v. City of St. Paul*, 533 N.W.2d 845, 848 (Minn. 1995).[2] The district court concluded that appellants' reliance on pre-2009 manual provisions was unreasonable.

Appellants rely on *Nicollet Restoration*, 533 N.W.2d at 848, to argue that "[the] reasonableness of the reliance is a question for the fact-finder, not for the court to decide on summary judgment." But *Nicollet Restoration* reversed the denial of summary judgment to a defendant because the plaintiff's claims could "succeed only if [the plaintiff's] reliance on the alleged promise or misrepresentation was reasonable" after concluding "that the record reflects a com-

---

2. Appellants argue at length that they meet the first three criteria given for promissory estoppel. The district court dealt only with appellants' failure to show that they met the

fourth criterion, i.e., that their reliance was reasonable. That failure was conclusive; the district court had no need to consider the other three criteria.

plete failure of proof on the part of [the plaintiff] as to the reasonableness of its reliance on [the defendants'] alleged promises." *Id.* at 848. *Nicollet Restoration* does not support appellants' assertion that the reasonableness of reliance in a promissory estoppel case cannot be resolved on summary judgment.[3]

■ We agree with the district court that "[n]o employee of Lyon County could reasonably rely on a policy manual provision, setting forth the County's contribution to the post-retirement health care costs, when this 'benefit' was subject to change and could, for that matter, be eliminated at any time." Since 1991, the manual has clearly expressed the board's "right to change any of these policies, after notice to and input from employees." Thus, the same manual on which appellants rely, to argue that they were promised a particular contribution to their post-retirement health insurance, told them that the board reserved the right to alter or eliminate the manual's provisions. It is not "reasonable" to rely on language conferring benefits in a document providing that another person or entity has the right to alter or terminate those benefits. While no published Minnesota appellate court decision addresses this issue, persuasive, if not dispositive, caselaw has been provided by the Minnesota federal district court. "[T]o the extent that [an employee] relies on his employee handbook to support his claims [of breach of contract and promissory estoppel against his employer], the court notes that [the] employee handbook contains an explicit at-will disclaimer." *Chang v. Cargill, Inc.*, 168 F.Supp.2d

1003, 1012 (D.Minn.2001); *see also Mahony v. Universal Pediatric Servs., Inc.*, 753 F.Supp.2d 839, 859 (S.D.Iowa 2010) ("[N]o reasonable person would have relied on representations found in a handbook that were disclaimed in the very same handbook.").

Appellants also argue that respondents made oral promises in addition to the promises in the policy manual. But any reliance on oral promises that contradicted provisions in the policy manual was, as a matter of law, unreasonable. *See Johnson Bldg. Co. v. River Bluff Dev. Co.*, 374 N.W.2d 187, 194 (Minn.App.1985) (noting that, when an oral representation explicitly contradicts a written agreement, reliance on the oral representation is unjustifiable as a matter of law), *review denied* (Minn. Nov. 18, 1985).

The district court did not err in concluding that appellants' reliance on a policy that had been changed and could be changed at the board's future discretion was unreasonable; the promissory estoppel claim was properly dismissed.

**2. Unconstitutional Impairment**

■ Appellants argue that the Minnesota Constitution, art. I § 11 (providing that "[n]o . . . law impairing the obligation of contracts shall be passed") precludes the board's 2009 amendment to the policy manual. This constitutional provision "applies to an implied-in-law obligation created by promissory estoppel." *Christensen v. Mpls. Mun. Emps. Ret. Bd.*, 331 N.W.2d

---

**3.** *Nicollet Restoration*, 533 N.W.2d at 848, cites *Berg v. Xerxes–Southdale Office Bldg. Co.*, 290 N.W.2d 612, 616 (Minn.1980), but *Berg* concerns fraud, not promissory estoppel, and its holding is very narrow: "Absent proof of an agency relationship allowing one partner to act on behalf of the others, the issue of whether members of a limited partnership unreasonably relied upon a financial statement must be determined as a matter of fact based upon each partner's personal circumstances." *Berg*, 290 N.W.2d at 613. Appellants' reliance on *Berg* is also misplaced.

740, 750 (Minn.1983).[4]

■ The district court dismissed appellants' unconstitutional impairment claim on the ground that they had no "vested" rights until they retired. An employee's right to the post-retirement payment of health insurance premiums vests at the time the employee retires. *See Hous. and Redev. Auth. of Chisholm v. Norman*, 696 N.W.2d 329, 338 (Minn.2005) (concluding that, after right to benefits had vested with retirement, employer could not "unilaterally terminate those benefits"); *see also Law Enforcement Labor Servs., Inc. v. Cnty. of Mower*, 483 N.W.2d 696, 701 (Minn.1992) (holding that county was estopped from denying that right to benefits provided by agreement in force when employees retired vested at their retirement and was vested for the life of the retirees); *Lincoln Benefit Life Co. v. Heitz*, 468 F.Supp.2d 1062, 1067 (D.Minn.2007) (holding that, in the context of the federal constitution, "[t]o establish a contractual relationship subject to the Contract Clause, a party first must demonstrate that the contract gave her a vested interest, not merely an expectation interest"). Because none of the appellants had retired when the 2009 amendment to the manual became effective, none of them had a vested right to be impaired by the amendment.

Appellants also argue that the amount of their benefit could be determined at any time because it was simply four percent times the number of years of service then completed. But this argument ignores the fact that the board has the right to change the percentage of the benefit: it is the percentage in effect *at the time of retirement* that governs the benefit. For example, when the board increased the benefit from the three percent established in 1985 to four percent in 1991, those retiring after 1991 were entitled to four percent for every year of service, not to three percent for the years from 1985 to 1991 and to nothing for the years prior to 1985. Analogously, those who chose to retire before the 2009 amendment became effective were entitled to the benefit in force when they retired, but to nothing unless they retired.

### DECISION

The district court did not err in dismissing (1) appellants' promissory estoppel claim on the ground that appellants' continuing reliance on provisions in a policy manual was unreasonable because the employer reserved the right to amend or terminate any manual provision and (2) appellants' unconstitutional impairment of contract claim on the ground that appellants, not having retired, had no vested right to be impaired by the board's 2009 amendment.

**Affirmed.**

---

4. Appellants' complaint claimed that only their contractual right to benefits was protected by article I, section 11; they did not argue that article I, section 11, also protects their promissory estoppel claims. Respondents argue that appellants therefore were not entitled to make that argument in responding to summary judgment and are not entitled to make it now. *See Wills v. Citizens State Bank of Silver Lake*, 399 N.W.2d 626, 628 (Minn.App.1987) (holding that borrower's claim against bank that did not appear in borrower's original cross-claim against bank could not "be raised for the first time in opposition to [bank's] motion for summary judgment"). Even if respondents are correct in asserting that appellants' argument on the point is untimely, we address it in the interests of justice. *See* Minn. R. Civ.App. P. 103.04 (permitting this court to review any matter as the interest of justice may require).